## Messer v. Commonwealth.

June 13, 1944.

J. B. Campbell for appellant.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

On Saturday afternoon, August 8, 1942, a church meeting was held in the vicinity of appellant's home in Knox County. The evidence for the Commonwealth shows that while the meeting was in progress, appellant, his cousin, Howard Messer, T. J. Carnes, a young son of the prosecuting witness, Henry Carnes, and others, sat on a stone wall in front of a store near the church. Appellant twisted the foot of the little Carnes boy, who told him that unless he stopped, he would tell his father. Leonard said he didn't "give a damn, we will whip him, won't we Wade Smith." From the questions asked by counsel for appellant, it appears that the Messers were under the impression that the elder Carnes had poisoned Howard Messer's dog. After the meeting in the church adjourned, appellant and his companions, together with several other people, walked toward their homes in the same direction above the church. Mr. Carnes and his wife were riding on different mounts in the same direction. Leonard, Howard, and George Messer continuously looked at the Carneses, and whispered to each other. After they had passed the Carneses they stopped and appeared, as Mrs. Carnes testified, "to be caucusing." Mr. Carnes stopped at the house of a neighbor to borrow a knife for the purpose of operating on a hog. While he was gone, Leonard Messer grabbed the bridle of Mrs. Carnes's horse, and began cursing and abusing her. When Henry Carnes returned, Howard Messer grabbed Mrs. Carnes and said to Leonard, "I will take care of Martha (Mrs. Carnes.) Drag off Henry (Mr. Carnes) and I will help you." Arming themselves with sticks and rocks, they attempted to administer a whipping to the Carneses and their daughters. Mr. Carnes broke away after receiving several blows at the hands of the defendants, making his escape to the home of Sawyer Messer. The defendants pursued him, and, being unable to

break down the door of the house, obtained a ladder by means of which Leonard Messer gained admission to the house. About that time assistance came to the Carneses and the disturbance was quelled. Mr. Carnes received several broken ribs in the affray.

The Messers were indicted for committing the crime prohibited by KRS 437.110, viz., confederating and banding themselves together for the purpose of intimidating, alarming, disturbing, and injuring another. Appellant was tried separately, found guilty, and his punishment fixed at one year in the penitentiary. He complains (1) that the demurrer to the indictment should have been sustained; (2) that the court erred in overruling his motion to set aside the swearing of the jury and continue the case, because after the jury was sworn one of its number disclosed to the court the fact that he had heard some of the testimony at a former trial; (3) that he was entitled to a directed verdict of acquittal; and (4) that the court erred in the instructions to the jury.

The complaint in respect to the indictment is that it is not in proper form, and that it does not follow the words of the statute; but counsel fails to point out any error in form, or to disclose the omitted words. We have read the indictment carefully, and find that it follows the statute as closely as possible without quoting it verbatim. Certainly it substantially charges all of the elements constituting the crime for the commission of which appellant was convicted. Nor do we think that the complaint is well founded that the form of the indictment is not sufficient, although we find it rather difficult to discuss this point, since the alleged insufficiency in form is not pointed out in the brief.

Before the jury was accepted, they were asked if any member of the panel had heard testimony in the case upon its previous trial; by their silence they indicated they had not. At the conclusion of the opening statement by the Commonwealth's Attorney, one of the jurors disclosed the fact that he had discovered during the opening statement that he had heard some of the testimony given on a former trial; whereupon defendant moved the court to set aside the swearing of the jury and continue the case. Obviously, the defendant was not entitled to have the case continued for this reason, although we perceive that the motion was sufficiently broad to include the relief to which he might have been

entitled had he made a specific motion to that effect, viz., the swearing of the jury set aside, and the right to challenge the juror peremptorily. The mere fact that a juror has heard evidence in a previous trial of a case is not sufficient cause for a challenge, where, as here, the record discloses the juror answered on voir dire examination that he had heard only a small amount of the evidence, from what he had heard he had not formed or expressed an opinion as to the guilt or innocence of the accused, and that the evidence he heard had not influenced or prejudiced him in any way. Waggoner v. Commonwealth, 255 Ky. 1, 72 S. W. 2d 723. But the defendant was entitled to this information before passing upon the jury; and if he had not exhausted his peremptory challenges, he should have been permitted to use one in respect to this juror. However, it does not appear from the record that he had not already exhausted his peremptory challenges at the time of his acceptance of the juror; that being true, it is impossible for us to say that he was prejudiced by the court's action in overruling the motion. Since the burden is on appellant to produce the record showing that the court erred to his prejudice, his complaint in this respect cannot be upheld.

The contention that there was not sufficient evidence to submit the case to the jury is without merit. This court has consistently said that it is almost impossible to prove conspiracy by proof of the secret plans and conversations of the conspirator; but that the jury may infer from the facts and circumstances shown in the evidence that a conspiracy has been entered into. One of the late decisions to this effect is Ball v. Commonwealth, 224 Ky. 806, 7 S. W. 2d 237. Judging from questions asked by his attorney, there can be little doubt that appellant and his co-conspirators believed Mr. Carnes to have been the person who poisoned Howard Messer's dog. Such belief on their part was sufficient to provide a motive for the conspiracy. Appellant's threat: "We will whip him," meaning Mr. Carnes, is evidence from which a jury might infer the existence of a preconceived plan to commit the acts later proved in evidence. The further facts that appellant and his co-conspirators consulted with each other immediately before attacking the Carneses, and simultaneously, without provocation, entered upon the attack, and the spontaneous remark, "you take care of Martha and I will take care of Henry," are further proof of a conspiracy. The concerted action of

the Messers in pursuing Mr. Carnes, who was attempting to leave the scene of the fight, is additional evidence of a conspiracy; because, in the circumstances, it cannot be said that the attempt on the part of the Messers to prolong the fight was in defense either of themselves or of each other; and it was reasonable for the jury to infer that this concerted action was in furtherance of a previously connived plan. The evidence we have related is that introduced by the Commonwealth; but it is the version which the jury accepted, and which it had the right to do. It is unneccessary for us to relate the evidence offered by appellant in consideration of the question of sufficiency of the evidence of guilt. In short, we think the record abounds with evidence in proof of the charge of conspiracy, and the court properly submitted the case to the jury. Cf. Maggard et al. v. Commonwealth, 287 Ky. 787, 155 S. W. 2d 228.

The complaint in respect to the instructions cannot be entertained by this court, because the exceptions thereto were not preserved in the motion for a new trial. Manning v. Commonwealth, 281 Ky. 453, 136 S. W. 2d 28.

We perceive no error prejudicial to appellant's substantial rights.

The judgment is affirmed.