## Milby et al. v. Commonwealth.

October 28, 1947.

W. H. Spragens, Judge.

Vernon Shuffett for appellants.

Eldon S. Dummit, Attorney General, and J. L. Hughett, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Ray Milby and Dewey Lee were sentenced to prison for two years on the charge of confederating and banding together for the purpose of intimidating and injuring LeRoy F. Hughs, Jr. On this appeal they are insisting that the verdict and judgment are not supported by the evidence.

Hughs was the principal witness for the Commonwealth. He testified that he was hitch-hiking from Cali-

fornia and came into Greensburg on November 30, 1946; while there he talked with the appellants, who agreed to help him get out of Greensburg; they engaged a cab and picked him up, and after they had driven a short distance outside the city limits all three of them got out of the cab; after the cab moved away one of the appellants took his flashlight, knocked him down, beat him about the head and face and knocked out two of his front teeth; and after the appellants left him he caught a ride in an ambulance to Columbia and was later brought back to Greensburg. On cross examination he admitted that he had been told by a policeman to get out of Greensburg and that he flagged down the cab and got in the back seat, the appellants being in the front seat with the driver, and was asked if he wanted to ride as far as they were going. He denied that he was the instigator of the affray by calling Lee a son-of-a bitch, or that he hit either of the appellants. He admitted, however, he told the appellants while they were in jail that he would compromise the case, but could not recall other statements in respect to a compromise or settlement.

The direct testimony for the appellants was to the effect that they did not see Hughs before he flagged down the cab; Milby went for a cab and later picked up Lee and, before they got out of town, Hughs. who was standing in the street, flagged them down with a flashlight; the cab had to stop to keep from running over him and when it did Hughs opened the back door and got in; when the cab stopped at the bridge Hughs got out of it when they did and said that he was hitch-hiking, too; after a discussion as to where the road led Hughs called Lee a son-of-a bitch and then Lee hit him and knocked him down; and Milby pulled Lee off Hughs and told Hughs to run like hell. The testimony of the taxi driver corroborates that of the appellants as to the events leading up to the fight. He said also that he and the appellants were sitting on the front seat and that there was no conversation between the parties. He knew nothing of the fight. He denied making a statement to officers the following day to the effect that, when Milby engaged his cab, he said he wanted to take Lee ''and another guy'' out of town. In rebuttal three officers said the taxi driver made the statement which

he denied. Both of the appellants admitted that they were drinking.

As pointed out in the brief for the Commonwealth, we have frequently said that it is almost impossible to prove conspiracy by proof of the secret plans and conversations of the conspirators; but that the jury may infer from the facts and circumstances shown in the evidence that a conspiracy was entered into, and also that a conspiracy may be established by the acts, conduct or declarations of the participants, or by facts and circumstances relating to the offense charged. Messer v. Commonwealth, 297 Ky. 772, 775, 181 S. W. 2d 438; Benge v. Commonwealth, 304 Ky. 609, 201 S. W. 2d 892. But this is not to say that a conspiracy may be established by mere suspicion, or by association of the parties.

It is our conclusion that a consideration of all the facts and circumstances taken together failed to establish the charge against the appellants. There is no evidence whatever relating to a motive on their part to commit an offense against Hughs, and we see nothing in their conduct which would permit the jury to draw such an inference. The appellants may or may not have agreed to let Hughs ride with them a short distance out of the city limits of Greensburg, but this would not show a conspiracy on their part. The proof shows almost conclusively that Hughs flagged down the cab with his flashlight. But, even if he did not, there is no showing that the appellants had conspired to do him injury. There was no conversation between the parties during the short ride in the cab, and, while it is true that a fight took place after the appellants and Hughs got out of the cab, this of itself does not tend to show that the appellants had conspired to do injury to Hughs. Hughs admitted that Milby pulled Lee off of him. Here is a case where the facts and circumstances are corroborative of the testimony for the appellants, and are more consistent with their innocence than with their guilt. This being so, it was the duty of the court to instruct the jury in their favor. Dixon v. Commonwealth, 290 Ky. 469, 161 S. W. 2d 913. A charge of assault and battery might well have been made against the appellants, but this is not to say they were guilty of conspiring and banding together to do harm to Hughs.

Wherefore, the judgment is reversed, with directions that it be set aside and that a peremptory instruction be given in favor of the appellants upon another trial if the evidence be the same.