# Durham v. Commonwealth.

(Three Cases.)

(Decided December 18, 1931.)

ALEX R. CAMPBELL for appellant.

J. W. CAMMACK, Attorney General, and A. M. SAMUELS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN— Reversing.

The appellant was thrice indicted in the Campbell circuit court. His attorneys and the commonwealth have practiced these cases throughout on the theory that he was indicted each time for a violation of section 1160 of the Kentucky Statutes, which provides, in substance, that if any person with an offensive weapon shall unlawfully and maliciously assault or in a forcible or violent manner demand any money, goods, or other things of value from any person *with an intent to rob or commit a robbery* upon such person, he shall be confined in the penitentiary not less than five nor more than twenty years. It will be noted that the offense denounced by this section is an assault with intent to rob. A reading of the indictments in the instance cases discloses, however, that the appellant in each indictment is charged with the offense of robbery itself and not with the offense of an assault with intent to rob. The punishment for the offense of robbery prescribed by section 1159 of the Statutes is confinement in the penitentiary for not less than two nor more than ten years. By agreement, the appellant was tried on all three indictments at one time. On such trial, he was found guilty on all three charges and sentenced to serve ten years for each charge, the sentences to run successively. The three appeals have been heard together in this court. Many grounds are urged for reversal on this appeal, most of which have no merit because not presented by the record, such as, for instance, the complained of remarks by the commonwealth's attorney which do not appear in the bill of exceptions; the refusal to grant a continuance when the records fail to show that any was asked; the failure of his counsel appointed by the court, it being other than counsel who now represents him, to argue the case (if, indeed, appellant could make any such complaint on appeal). Of the errors presented by the record, the argument that the verdict is flagrantly against the evidence cannot be sustained. If the jury believed the common-

wealth's testimony, it was clearly established that appellant had on three different occasions robbed at the point of a pistol two Kroger grocery stores, one of them being twice his victim. He was positively identified by the managers of these stores. It was also shown that later, when the officers attempted to arrest him, he fled and was shot but managed to get away. When he was still later arrested, he was found wounded. On the witness stand he denied running from the officers and that he had been shot by them, but he could not state when, where, why, how, or by whom he had been shot. His sole defense in the case was an alibi which was not very impressive. His main argument on this appeal is that the indictments were, under the decision of this court in Chappell v. Commonwealth, 200 Ky. 429, 255 S. W. 90, invalid for duplicity, and that the instructions of the court which followed the indictments were likewise erroneous for the same reason. The commonwealth contends that no demurrer being filed to the indictments, we are precluded from holding them to be bad because of duplicity. We need not, however, enter into a discussion of this question, because, as we have pointed out, these indictments were not for the offense denounced by section 1160 of the Statutes, but were indictments for robbery. It may be remarked though in passing that what was said in the Chappell Case about section 1160 of the Statutes creating two offenses was expressly overruled in the recent case of Hannah v. Commonwealth, — Ky. —, 44 S. W. (2d) —, decided December 1, 1931. However, we are of opinion that the case will have to be reversed because of error in the instructions. As to this, majority of the court are of the opinion that prejudicial error was committed when the court told the jury that, if it found the appellant guilty, they should fix his punishment at not less than five nor more than twenty years (this being the punishment prescribed by section 1160 of the Statutes), instead of not less than two nor more than ten years, that being the punishment prescribed by section 1159 of the Statutes for robbery the offense for which appellant under the indictment and instructions was tried.

This court has heretofore had before it, in three different classes of cases, the question whether, in fixing wrong limits of possible punishment in its instructions to the jury, the trial court committed prejudicial error; we holding as to each of such classes of cases that it did

not. The first of these classes of cases is where the trial court fixes the maximum limit of punishment higher than that prescribed by the statute, but fixes the minimum limit correctly and the jury gives the accused such minimum. Obviously in such state of case no error prejudicial to the accused is committed for irrespective of what, under the law or the instructions, he might have received, he got only the least punishment prescribed by the statute. The cases of Runyon v. Commonwealth, 215 Ky. 689, 286 S. W. 1076, and Dunn v. Commonwealth, 193 Ky. 842, 237 S. W. 1072, are illustrative of this class of cases. The second class of cases is where the court fixed the minimum punishment at less than that prescribed by the statute and the jury gave to the accused the minimum punishment as set out in the instructions. It is equally obvious that in such state of case the accused is not prejudiced. Mobley v. Commonwealth, 190 Ky. 424, 227 S. W. 584, is illustrative of this class of cases. The third class of cases is where the court fixed the maximum punishment correctly but placed the minimum too high and the jury gave to the accused a punishment intermediate between the limits as fixed by the court. In Sebree v. Commonwealth, 200 Ky. 534, 255 S. W. 142, which is illustrative of this class of cases, the statutory limits of punishment were five and twenty years, but the court told the jury they were ten and twenty years, and the jury gave the accused sixteen years. It was held that inasmuch as the jury did not give the accused even the minimum they might have, no error prejudicial to the accused had been committed.

The instant case falls into none of these categories, though it most nearly approaches the last. Neither the minimum nor the maximum punishment here was correctly given. Both were placed much higher than the law prescribed, the court fixing them at five to twenty years, when the correct punishment was two to ten years. True it is that fortuitously the jury gave to the appellant in each case exactly the maximum punishment it could have inflicted had it been correctly instructed, from which circumstances it may be plausibly argued that as the jury felt he should have ten years on each charge, the accused was not prejudiced by the erroneous instruction. But, in the opinion of the majority of the court, this argument overlooks the realities of the situation and of a jury trial. The question of guilt or innocence addresses itself to one set of considerations—the amount of punishment to be

inflicted to another set in which many factors play their part. In fixing minimum and maximum limits of punishment, the law recognizes the right of the jury to fix for the same offense a punishment in one case different from a punishment in another case of such offense and, indeed, recognizes the propriety of such distinctions, which, in the long run, will be based on the circumstances under which the offense is committed, the character of the accused, and other factors which will readily occur to the reflecting mind. Certainly one of these factors which the jury is entitled to know, and which the accused is entitled to have the jury know, is how the law regards such an offense. To tell the jury that the law so abhors the offense committed by the appellant in the instant case as to fix the limits of the punishment at five and twenty years when, in fact, those limits are but two and ten years, is to put an emphasis on the seriousness of the offense beyond that which it undoubtedly is. Had the jury been correctly instructed as to the real enormity of this offense, they might have concluded that this appellant did not deserve the maximum punishment the law imposes. Certainly they so felt under the instructions which the court did give them, for they gave the appellant in each case but ten years when they could, under the court's instructions, have given him twenty years. Section 1136 of the Statutes, in substance, provides that the jury must fix the punishment within the limits prescribed by law, and inferentially this section recognizes the right of the jury and of the accused to have those limits correctly told to the jury in order for it to intelligently determine the amount of punishment. While, in the three classes of cases to which we have referred, a failure to correctly instruct the jury about the limits of punishment has been held not prejudicial, the facts of this case take it without the reasoning of these cases and put it where the error has passed over from the side of nonprejudicial errors to the side of prejudicial ones.

For the reasons given, a majority of the court is constrained to the view that the substantial rights of the appellant were in these cases prejudiced and that the judgment in each case must be reversed for a new trial consistent with this opinion.

Whole court sitting.

Judges Thomas, Willis, and Perry, dissenting.