# Department of Public Welfare of Kentucky v. Polsgrove, County Judge.

(Decided Oct. 4, 1932.)

160

BAILEY P. WOOTTON, Attorney General, and W. R. ATTKISSON, Assistant Attorney General, for plaintiff.

W. C. MARSHALL for defendant.

Opinion of the Court by Judge Willis—Granting writ.

This proceeding presents interesting and important questions of substantive and procedural law. The first concerns the propriety of a writ of prohibition to an inferior court, and the second relates to the legal effect of a sentence in excess of the statutory penalty. The state of facts out of which they arise is somewhat novel. James Rynol, Jack Ross, Frank Dunleavy, and Henry Anderson were indicted in the Hart circuit court for the crime of robbery. The several defendants entered a plea of guilty, and the circuit court instructed the jury to fix the punishment of each at confinement in the penitentiary for not less than five, nor more than twenty years. The verdict of the jury and the judgment of the court fixed the punishment of each defendant at confinement in the penitentiary for a term of twelve years. No appeal was taken from the judgment, and each defendant began serving his sentence in the Frankfort penitentiary. In August of this year the four prisoners filed a petition in the Franklin county court to obtain a writ of habeas corpus to test the legality of their confinement. The county judge

was about to discharge the prisoners when the present original action was instituted in this court to obtain a writ of prohibition against the county judge to prevent such action on his part. A temporary writ was issued pending the hearing, and the case is now submitted for final determination. The position of the prisoners is that the judgment of conviction was void because it inflicted a term of imprisonment beyond the utmost period authorized by statute for the offense committed. The punishment for robbery is fixed at confinement in the penitentiary for not less than two, nor more than ten, years (section 1159, Ky. Stats.), whilst that for a malicious assault with a weapon with intent to rob is fixed at confinement for not less than five, nor more than twenty years. Section 1160, Ky. Stats. The circuit court applied the wrong statute, which constituted a reversible error (Durham v. Com., 241 Ky. 612, 44 S. W. [2d] 557), but which was not called to the attention of the trial court or corrected by appeal in the manner provided by law. The convicts also contend that the county judge has jurisdiction of the action for a writ of habeas corpus, and that this court has no power to control his conduct in such a situation.

1. It may not be doubted that this court has jurisdiction to prevent the discharge on habeas corpus of prisoners lawfully confined in the penitentiary. The Constitution (section 110) reposes in this court the power ''to issue such writs as may be necessary to give it a general control of inferior jurisdictions.'' Board of Prison Commissioners v. Crumbaugh, Police Judge, 161 Ky. 540, 170 S. W. 1187; Com. v. Crumbaugh, 176 Ky. 720, 197 S. W. 401; Com. v. Minor, 195 Ky. 113, 241 S. W. 856; Com. v. Gresham, 196 Ky. 29, 244 S. W. 66; McLaughlin v. Barr, 191 Ky. 346, 230 S. W. 304; Smith v. Bastin, 192 Ky. 164, 232 S. W. 415; Com. v. Carmackle, 192 Ky. 171, 232 S. W. 644; Com. v. Polsgrove, 231 Ky. 750, 22 S. W. (2d) 126.

The fact that the county judge has jurisdiction of the action seeking a writ of habeas corpus does not defeat the jurisdiction of this court, if the county judge is proceeding erroneously, and great and irreparable injury will result if the threatened action is consummated, and there is no adequate remedy by appeal. Western Oil Refining Co. v. Wells, 180 Ky. 32, 201 S. W. 473; Litteral v. Woods, 223 Ky. 582, 4 S. W. (2d) 395; Duffin v. Field, 208 Ky. 543, 271 S. W. 596.

The discharge of prisoners lawfully incarcerated for crime clearly constitutes such an injury to the commonwealth, and no appeal lies from a decision on a writ of habeas corpus. Gill's Petition, 92 Ky. 118, 17 S. W. 166, 13 Ky. Law Rep. 351; Broadwell v. Com., 98 Ky. 15, 32 S.' W. 141, 17 Ky. Law Rep. 564; Black v. Demaree, 208 Ky. ·632, 271 S. W. 679. The cases already cited abundantly sustain this proposition.

2. The other question raised relates to the· validity of the judgment of conviction which imposed a penalty of imprisonment for a period greater than was authorized by law. The prisoners insist that the judgment in such case is void in toto, whilst the commonwealth asserts that it is a valid judgment and voidable only to the extent it exceeds the limit fixed by statute. The authorities upon the question are in conflict 8 R. C. L. sec. 238. Sound reasoning and the weight of authority support the rule that the whole sentence is not illegal and void but valid to the extent authorized by the statute. 16 C. J. sec. 3093, p. 1312.

This court has evinced a decided leaning toward the majority doctrine (Smith v. Bastin, 192 Ky. 165, 232 S. W. 415), and public policy which is served by the punishment of crime demands its adoption. It would be a mischievous practice to permit convicts to escape punishment in that manner, and it would tend to defeat the purposes of orderly procedure.

Since the accused men had a remedy by appeal to correct the error of the circuit court in applying the wrong statute (Durham v. Com., 241 Ky. 612, 44 S. W. [2d] 557) and did not avail themselves of it, we are constrained to the conclusion that the judgment of conviction was valid to the extent authorized by the statute and voidable only as to the excess. Boreing v. Beard, 226 Ky. 47, 10 S. W. (2d) 447.

A writ of prohibition is granted to restrain the defendant from discharging the prisoners and to require dismissal of the action for a writ of habeas corpus.

Whole court sitting.