## Manning v. Commonwealth.

Dec. 13, 1939.

454

C. C. Crosthwait for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On March 9, 1937, the grand jury of Elliott county returned two indictments against L. G. Manning, charging him in each with a violation of Section 1213a, Kentucky Statutes, known as the Cold Check Law. In one indictment it was charged that on January 4, 1937, he delivered to Roscoe Rose a check for $350, and in the other that on the same day he delivered a check for $450 to Charlie Kendall, and that in each instance he knew that he had not sufficient funds in the bank on which the check was drawn for the payment of such check. It appears that he executed bond in each case for his appearance in the Elliott circuit court, and that an order was entered October 12, 1937, forfeiting both bonds. The cases were called for trial March 17, 1938, and Manning appeared in person and entered a plea of guilty. A jury was impaneled in each case, and the following instruction was given:

"The defendant having entered a plea of guilty, you will therefore find him guilty and fix his punishment at confinement in the State Reformatory for any period of time, not less than one year nor more than five years, in your reasonable discretion."

Each jury returned a verdict finding the defendant guilty and fixing his punishment at confinement in the state reformatory for a period of five years. No judgment was entered, but the clerk of the Elliott circuit

court delivered to the sheriff of Elliott county two certificates, each purporting to be a copy of an order sentencing Manning to imprisonment for a term of five years and directing the sheriff to take him to the state reformatory. He was taken to the state reformatory at La Grange, Kentucky, on March 22, 1938. In August, 1938, he applied to the judge of the Oldham county court for a writ of habeas corpus, alleging that his commitment to the state reformatory was illegal and void, and that his detention was unlawful because no judgment of conviction had been entered in the Elliott circuit court. Upon the hearing of the application, the county judge of Oldham county adjudged that Manning had been illegally committed to the state reformatory, and ordered that he be admitted to bail in the sum of $500 to appear in the Elliott circuit court on October 3, 1938, the first day of the next regular term of that court, and upon his failure to furnish bail that he be taken to Elliott county and delivered to the proper officer. This order was entered August 27, 1938. What transpired between that date and July 20, 1939, does not appear, but the record discloses that on the latter date Manning appeared in the Elliott circuit court and tendered and offered to file the following plea:

"The defendant, L. G. Manning, comes and for defense to the prosecution herein against him, states that he was convicted of the crime charged in this indictment, by the verdict of a jury in the Elliott Circuit Court on the 17th day of March, 1938, and same being the court having jurisdiction to try this defendant for said crime.

"Wherefore, the defendant, L. G. Manning prays that the plaintiff's indictment herein against him be dismissed and that he go hence with his costs herein expended."

On July 22, 1939, the following judgment was entered:

"The defendant having been tried at a former term of this court on the charge in the indictment which is that of fraudulently drawing and issuing a check which was not paid and without sufficient funds in the bank on which said check was drawn to pay same, and the defendant having in person and in open court entered a plea of guilty, and the court having by mistake instructed the jury to fix the de-

fendant's punishment by confinement in the State Reformatory for not less than one year nor more than five years and the jury having returned a verdict fixing the defendant's punishment by confinement in the State Reformatory for a term of five years, and no judgment having been entered on said verdict, although sentence was pronounced, but not entered by the Clerk the defendant was this day brought into court and being notified of the nature of the indictment, plea, and verdict, and asked if he had any legal cause to show why judgment should not be pronounced against him; and none being shown, it is adjudged by the court that the defendant be taken by the Sheriff of Elliott County to the State Prison Farm at La Grange, Ky., and there confined at hard labor for a period of two years, to all of which defendant excepts and prays an appeal to the Court of Appeals of Kentucky which is granted and he is given to and including the 21st day of August to prepare and file his bill of exceptions herein, and the defendant is permitted to supersede said judgment upon the execution of a bond in the sum of $2000.00 to the Clerk of this court as required by law. This order was pronounced on July 20th, 1939, but not entered but is entered now for **then.**

"('It being known to the Court that the defendant has been confined at the State Reformatory on this same charge for a period of approximately five months, it is now ordered that he be given credit for the time so served by him on this judgment.')"

On the same day a similar judgment was entered in the second case. After the two judgments were rendered, Manning filed his motion and grounds for a new trial in which he asked that the verdict of the jury in each case be set aside because the court erroneously instructed the jury, and, as a result, he was given a greater penalty than was authorized by law. This appears in the bill of exceptions:

"No motion for a new trial was made until after the sentence had been pronounced. The Judge indicated to the defendant that if a motion for a new trial was made that it would be sustained and that defendant would be allowed to withdraw his plea of guilty and enter a plea of not guilty, which the defendant declined to do."

On this appeal the accused insists that the court was without authority to enter the judgments appealed from; that his plea of former conviction should have been sustained; and that he should have been dismissed from custody.

The instructions given by the court at the trial on March 17, 1938, were erroneous in that they authorized the jury to fix the penalty at not less than one nor more than five years' imprisonment, whereas Section 1213a of the Statutes, under which the indictments were returned, fixes the penalty at not less than one nor more than two years. A few courts have held that a sentence that exceeds in its extent the punishment prescribed by law for the offense in question is absolutely void, but, according to the great weight of authority, the judgment is void only as to the excess. In 15 Am. Jur., Criminal Law, Section 460, it is said:

"By the great weight of authority, if a court of general jurisdiction has jurisdiction of the person and the offense, the imposition of a sentence in excess of what the law permits does not render the legal and authorized portion of the sentence void, but only leaves such portion of the sentence as may be in excess open to question and attack, provided the valid and invalid parts are separable."

In Thomas v. Commonwealth, 125 Ky. 231, 101 S. W. 303, 30 Ky. Law Rep. 1271, the facts were similar to those in the instant case, and the judgment was reversed with directions to grant the appellant a new trial. The accused, as here, relied upon a plea of former jeopardy, but that plea was disallowed, the court saying:

"Concede that the defendant is guilty, and has been found so by a properly impaneled jury, it is repugnant to common sense and plain justice that he should go scot free because of a mere error in his trial, which he is asking to have corrected, and which may be made innocuous."

In the Thomas case the accused was charged with the statutory offense of breaking into a storehouse, the statute fixing the penalty at confinement in the penitentiary for not less than one nor more than five years. The court inadvertently instructed the jury that the penalty was confinement in the penitentiary for not less than one nor more than ten years, and the jury found the defendant guilty and fixed his punishment at ten years'

confinement in the penitentiary, the maximum authorized by the instructions. After the verdict was rendered, the court discovered the error in the instruction and rendered judgment sentencing the defendant to five years' confinement in the state penitentiary. The accused relied solely on his plea of former jeopardy, but the judgment was reversed on the ground that the verdict was contrary to the statute and void and should have been set aside, and the case was remanded for a new trial. In later opinions of this court, however, it has been held that instructions which fix wrong limits of possible punishment are merely erroneous and that the error is not always prejudicial. Where the error is prejudicial, the verdict is not void but voidable, and if the point is saved a new trial will be granted. Durham v. Commonwealth, 241 Ky. 612, 44 S. W. (2d) 557, and cases therein cited. Cf. Smith v. Bastin, 192 Ky. 164, 232 S. W. 415; Boreing v. Beard, 226 Ky. 47, 10 S. W. (2d) 447.

In Department of Public Welfare v. Polsgrove, 245 Ky. 159, 53 S. W. (2d) 341, 342, four persons were indicted for the crime of robbery. Each defendant entered a plea of guilty, and the circuit court instructed the jury to fix his punishment at confinement in the state penitentiary for not less than five nor more than twenty years. The statute under which the indictment was returned fixed the punishment at not less than two nor more than ten years. The verdict of the jury and the judgment of the court fixed the punishment of each defendant at confinement in the penitentiary for a term of twelve years. No appeal was taken from the judgment, and, after the defendants began serving their sentence, they filed a petition in the Franklin county court to obtain a writ of habeas corpus to test the legality of their confinement. An original action was instituted in the Court of Appeals to obtain a writ of prohibition against the county judge to prevent him from discharging the prisoners. The writ was granted and, in the course of the opinion, the court said:

> "The other question raised relates to the validity of the judgment of conviction which imposed a penalty of imprisonment for a period greater than was authorized by law. The prisoners insist that the judgment in such case is void in toto, whilst the commonwealth asserts that it is a valid judgment and voidable only to the extent it exceeds the limit fixed by statute. The authorities upon the question

are in conflict. 8 R. C. L., Section 238. Sound reasoning and the weight of authority support the rule that the whole sentence is not illegal and void but valid to the extent authorized by the statute. 16 C. J., Section 3093, p. 1312.

"This court has evinced a decided leaning toward the majority doctrine (Smith v. Bastin, 192 Ky. [164] 165, 232 S. W. 415), and public policy which is served by the punishment of crime demands its adoption. It would be a mischievous practice to permit convicts to escape punishment in that manner, and it would tend to defeat the purposes of orderly procedure.

"Since the accused men had a remedy by appeal to correct the error of the circuit court in applying the wrong statute Durham v. Com., 241 Ky. 612, 44 S. W. (2d) 557, and did not avail themselves of it, we are constrained to the conclusion that the judgment of conviction was valid to the extent authorized by the statute and voidable only as to the excess."

That case is controlling here. If appellant had filed his motion and grounds for a new trial within the time prescribed by the Code, setting out as one of the grounds the error in the instructions, he would have been granted a new trial. He expressly declined to file a motion and grounds for a new trial, but relied solely upon his plea of former jeopardy. He did file his motion and grounds for a new trial after the judgments were rendered, but this was too late. Section 274 of the Criminal Code of Practice provides that the grounds upon which a motion for a new trial is made must be stated in writing and filed at the time of making the motion, and Section 273 of the Criminal Code provides:

"The application for a new trial must be made at the same term at which the verdict is rendered, unless the judgment be postponed to another term, in which case it may be made at any time before judgment."

Under this section, the application for a new trial may be made at the same term at which a verdict is rendered, regardless of the time when the judgment is rendered, but if not made at the same term at which the verdict is rendered it must be made before judgment. Here the verdict was rendered at the March, 1937, term of the

Elliott circuit court, but the judgment was postponed to a later term and was not entered until July 22, 1939, and the motion and grounds for a new trial was not filed until after judgment.

Errors in the instructions must be pointed out in the grounds for a new trial in order to preserve the defendant's right to their review upon appeal. Fields v. Commonwealth, 277 Ky. 796, 127 S. W. (2d) 839; Montgomery v. Commonwealth, 266 Ky. 795, 100 S. W. (2d) 818; Jones v. Commonwealth, 238 Ky. 453, 38 S. W. (2d) 251; Hunt v. Commonwealth, 235 Ky. 594, 31 S. W. (2d) 940. Section 271 of the Criminal Code specifies "error in instructions" as one of the grounds authorizing the granting of a new trial, Section 274 requires the grounds relied upon to be specified in writing, and Section 273 limits the time for filing the motion and grounds for a new trial. The remedy afforded by these sections of the Criminal Code is exclusive, and, unless they are complied with, errors required to be stated in the grounds for a new trial cannot be considered on appeal. Wellington v. Commonwealth, 159 Ky. 462, 167 S. W. 427.

The judgment in each case is affirmed.