Donald MYERS, Appellant,

v.

**COMMONWEALTH OF KENTUCKY,**
Appellee.

No. 1999–SC–0240–DG.

Supreme Court of Kentucky.

Jan. 25, 2001.

Kimberly A. Brooks, Attorney at Law,
Covington, Counsel for Appellant.

A.B. Chandler, III, Attorney General, Perry T. Ryan, Assistant Attorney General, Office of Attorney General, Criminal Appellate Division, Frankfort, Counsel for Appellee.

COOPER, Justice.

Appellant Donald Myers was indicted on one count of murder, eight counts of wanton endangerment in the first degree, one count of operating a motor vehicle while under the influence of alcohol (DUI), and one count of attempting to elude police. All of the charges arose out of a February 3, 1996 incident during which Appellant, while severely intoxicated, operated his motor vehicle east in the westbound lanes of Interstate Highway 64 in Jefferson County, Kentucky, ultimately colliding head-on with another vehicle. A passenger in the other vehicle died at the scene and three other occupants of that vehicle suffered minor injuries. The five additional wanton endangerment charges pertained to the occupants of other westbound vehicles which barely missed being struck by Appellant's vehicle prior to the fatal collision.

On October 22, 1996, Appellant and the Commonwealth entered into a written plea agreement that provided that Appellant would plead guilty to (1) an amended charge of manslaughter in the second degree, for which the Commonwealth would recommend a sentence of ten years; (2) eight counts of wanton endangerment in the first degree, for which the Commonwealth would recommend sentences of five years each, "[a]ll to run concurrently except for three wanton endangerment counts which shall run consecutively for a

total sentence of 25 years;"[1] and (3) both DUI and attempting to elude police, for which the Commonwealth would recommend sentences of thirty days and ninety days respectively, both to run concurrently with the other sentences, for a total sentence to serve of twenty-five years. The agreement further recited that "[t]he defendant agrees to waive the provisions of KRS 532.110(1c)(sic)" and that the Commonwealth would oppose probation and shock probation.

A *"Boykin* hearing"[2] was then held, during which the trial judge determined that Appellant's guilty pleas were voluntary; however, the trial court did not inquire into the voluntariness of Appellant's waiver of the provisions of KRS 532.110(1)(c). A sentencing hearing was held on December 13, 1996, following which Appellant was sentenced pursuant to the plea agreement to an aggregate term of twenty-five years in prison. Again, the written waiver of KRS 532.110(1)(c) was not discussed. Appellant did not appeal.

On June 19, 1997, Appellant filed his present motion pursuant to RCr 11.42 to correct his sentence, asserting (1) the twenty-five year sentence exceeded the maximum aggregate term permitted by KRS 532.110(1)(c); and (2) his attorney provided ineffective assistance of counsel by advising him to agree to an illegal sentence. The trial judge summarily overruled the motion without an evidentiary hearing. The Court of Appeals affirmed, and we granted discretionary review.

KRS 532.110(1)(c) provides that "[t]he aggregate of consecutive indeterminate

1. A literal interpretation of this provision would result in a sentence of only fifteen years, not twenty-five years. However, Appellant agrees that the intent of the agreement was that the three wanton endangerment sentences would run not only consecutively with each other, but also consecutively with the manslaughter sentence.

2. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

terms shall not exceed in maximum length the longest extended term which would be authorized by KRS 532.080 for the highest class of crime for which any of the sentences is imposed...." The highest class of crime for which Appellant was sentenced was manslaughter in the second degree, a Class C felony. KRS 507.040(2). The longest extended term authorized by KRS 532.080 for a Class C felony is twenty years. KRS 532.080(6)(b); *Commonwealth v. Durham*, Ky., 908 S.W.2d 119 (1995). Thus, the maximum aggregate length of the consecutive terms to which Appellant could be sentenced under KRS 532.110(1)(c) was twenty years. *Young v. Commonwealth*, Ky., 968 S.W.2d 670, 675 (1998); *Hendley v. Commonwealth*, Ky., 573 S.W.2d 662, 668 (1978). The issues on this appeal are (1) whether a defendant can waive the sentencing limitation in KRS 532.110(1)(c); and, if so, (2) whether Appellant made a voluntary and intelligent waiver of his rights under that statute, an issue which implicates Appellant's claim of ineffective assistance of counsel.

Appellant cites *dicta* in *Wellman v. Commonwealth*, Ky., 694 S.W.2d 696, 698 (1985) and *Gaither v. Commonwealth*, Ky., 963 S.W.2d 621, 622 (1997) to the effect that "sentencing is jurisdictional," thus cannot be waived. That, of course, is true as far as it goes. For example, a district court is without jurisdiction to sentence a defendant for a felony offense or any lesser included version of a charged felony offense, *Jackson v. Commonwealth*, Ky., 633 S.W.2d 61 (1982); and a circuit court is without jurisdiction to sentence a defendant for a misdemeanor offense that has not been consolidated in an indictment with a felony offense. KRS 24A.110(2); *Jackson v. Commonwealth*, Ky., 806 S.W.2d 643 (1991). A circuit court's jurisdiction over a criminal offense is invoked by a felony indictment. *Broughton v.*

*Commonwealth*, Ky.App., 596 S.W.2d 22, 23 (1979). Once jurisdiction has properly attached, there is a presumption against divesting that court of its jurisdiction; and jurisdiction is not lost just because the court makes a mistake in determining the facts, the law, or both. *Commonwealth v. Adkins*, Ky., 29 S.W.3d 793, 795 (2000) (citing 21 Am.Jur.2d *Criminal Law* § 480). In *Commonwealth v. Tiryung*, Ky., 709 S.W.2d 454 (1986), we rejected the argument that the imposition of a sentence not authorized by KRS 532.030 was jurisdictional.

> Certainly not every statutory mandate is jurisdictional. There is nothing in the language of the statutes involved specifying that failure to impose a sentence of imprisonment before imposing a sentence of probation divests the trial court of subsequent jurisdiction to follow the mandate of KRS 532.030. If the trial court lacked the authority to sentence Tiryung upon revocation of probation, the divestment of its authority must follow from some proposition other than an illusory jurisdictional requirement.

*Id.* at 457.

It is simply incorrect to say that a court is without jurisdiction to impose an unauthorized sentence. Rather, the imposition of an unauthorized sentence is an error correctable by appeal, by writ, or by motion pursuant to RCr 11.42 or CR 60.02.

> "By the great weight of authority, if a court of general jurisdiction has jurisdiction of the person and the offense, the imposition of a sentence in excess of what the law permits does not render the legal and authorized portion of the sentence void, but only leaves such portion of the sentence as may be in excess open to question and attack, provided the valid and invalid parts are separable."

*Manning v. Commonwealth,* 281 Ky. 453, 136 S.W.2d 28, 30 (1939) (quoting 15 Am. Jur. *Criminal Law* § 460); *see also Dep't of Pub. Welfare v. Polsgrove,* 245 Ky. 159, 53 S.W.2d 341 (1932) (excessive sentence is valid to the extent authorized by statute and voidable as to the excess); *cf. Neace v. Commonwealth,* Ky., 978 S.W.2d 319, 322 (1998) (recommended sentence below the minimum authorized by statute was properly corrected to conform to the law). Thus, while the sentence imposed in the case *sub judice* may have been erroneous, the trial judge did not act outside his jurisdiction in imposing it.

■ The policy behind the limitation on the length of consecutive sentences embodied in KRS 532.110(1)(c) is that a multiple offender should be punished at the same level of severity as a persistent felony offender. *Model Penal Code and Commentaries* Pt. I, § 7.06, at 276 (1985). The statute benefits the offender by shielding him or her from an endless accumulation of consecutive sentences. In that respect, it is similar to the five-year limitation on a period of probation provided in KRS 533.020(4). In *Commonwealth v. Griffin,* Ky., 942 S.W.2d 289, 292 (1997), we held that a defendant was estopped from asserting the five-year limitation of that statute where he, himself, had requested that his period of probation be extended to ten years so that he could avoid revocation for nonpayment of restitution.[3] Similarly, in *Boles v. Commonwealth,* Ky., 406 S.W.2d 853, 855 (1966), it was held that a defendant who had specifically requested that the jury be instructed to sentence him to life without parole was not entitled to relief under RCr 11.42 on grounds that the

sentence was not authorized by the statute under which he was indicted. "It eludes us how we could reconcile those holdings with one granting the relief requested here in face of the defendant's own request for the very instruction fixing the limit of penalty of which he now complains." *Id.* at 855. Accordingly, we conclude that a defendant may validly waive the maximum aggregate sentence limitation in KRS 532.110(1)(c) that otherwise would operate to his benefit.

■ Of course, this issue would have been avoided entirely if the plea agreement had provided for Appellant to plead guilty to murder instead of manslaughter in the second degree and to be sentenced to an aggregate sentence of twenty-five years; for the longest extended term authorized by KRS 532.080 for a conviction of murder is life in prison. KRS 532.080(6)(a). However, if convicted of murder, Appellant would not have been eligible for parole until he had served fifty percent of his twenty-five year sentence, KRS 439.3401(1),(3);[4] whereas by pleading guilty to the reduced charge of manslaughter in the second degree, Appellant will be eligible for parole after serving only twenty percent of his sentence. 501 KAR 1:030(3)(a). That fact may have been a consideration which prompted Appellant to agree to waive the limitation in KRS 532.110(1)(c). If so, then it could be concluded that he knowingly and voluntarily agreed to waive the benefit of that statute in exchange for the guarantee of an earlier parole eligibility date. Appellant, however, asserts in his RCr 11.42 motion that his

---

3. KRS 533.020(4) was amended in 1998 so that it presently reads in pertinent part: "Such period, with extensions thereof, shall not exceed five (5) years *or the time necessary to complete restitution, which ever is longer,* ..." 1998 Ky. Acts, ch. 606, § 48.

4. KRS 439.3401(3) was amended in 1998 to require a "violent offender" to serve at least eighty-five percent of a sentence before becoming eligible for parole. 1998 Ky. Acts, ch. 606, § 77.

attorney advised him that the twenty-five year sentence was illegal and induced him to plead guilty by promising that the sentence would be reduced at a later date. That is the gravamen of his claim of ineffective assistance of counsel.

If it is determined that Appellant knowingly and voluntarily waived his rights under KRS 532.110(1)(c) in exchange for the Commonwealth's agreement to amend the murder charge to manslaughter in the second degree, or for some other quid pro quo, such would effectively eliminate his claim of ineffective assistance of counsel. Unfortunately, that determination has never been made. The issue was discussed at neither Appellant's "*Boykin* hearing" nor his sentencing hearing; and when raised in his RCr 11.42 motion, an evidentiary hearing on the issue was denied.

Accordingly, we hold that the maximum aggregate sentence limitation contained in KRS 532.110(1)(c) can be the subject of a knowing and voluntary waiver by a person in whose favor the limitation operates; however, we remand this case to the Jefferson Circuit Court with directions to conduct an evidentiary hearing on that issue pursuant to Appellant's RCr 11.42 motion and the contents of this opinion.

LAMBERT, C.J., GRAVES, JOHNSTONE, KELLER and STUMBO, JJ., concur.

WINTERSHEIMER, J., concurs in part and dissents in part by separate opinion.

WINTERSHEIMER, Justice, concurring in part and dissenting in part.

I fully concur with the majority opinion that the maximum aggregate sentence limitation contained in the statute can be the subject of a knowing and voluntary waiver by a person in whose favor the limitation operates. However, I must respectfully dissent from that portion of the opinion which remands the case to the circuit court with directions to conduct an evidentiary hearing on the waiver issue pursuant to the RCr 11.42 motion.

An evidentiary hearing was not required because the questions raised by Meyers could easily be disposed of by reference to the trial court record. An evidentiary hearing is not necessary when the allegations are refuted by the record. *See Commonwealth v. Stamps,* Ky., 672 S.W.2d 336 (1984); *Beecham v. Commonwealth,* Ky. 657 S.W.2d 234 (1983); *Lay v. Commonwealth,* Ky., 506 S.W.2d 507 (1974). Here, defense counsel was fully aware of the statutory limitation imposed on the sentence but as a matter of strategy advised his client to accept the plea bargain despite the statutory limitation. The evidence could not be any different. Trial counsel can make strategic decisions which are intended to benefit the defendant and under these circumstances, the error cannot be reviewed. *See Estelle v. Williams,* 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). Here, if the defendant had been convicted by a jury, he could have received a very severe sentence. Instead, in return for his guilty plea to the reduced charge of first-degree manslaughter, he was sentenced to 25 years and could be eligible for parole in only five years after the beginning of his sentence.