# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: FEBRUARY 22, 2007
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

NO. 2005-SC-000957-MR

TIMOTHY DWAYNE MORMAN                                         APPELLANT

V.
APPEAL FROM JOHNSON CIRCUIT COURT
HONORABLE DANIEL SPARKS, JUDGE
INDICTMENT NO. 04-CR-00160

COMMONWEALTH OF KENTUCKY                                      APPELLEE

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING IN PART
## AND
## VACATING AND REMANDING IN PART

## I. INTRODUCTION.

Timothy Dwayne Morman appeals from the judgment of conviction and sentence on two counts of second-degree sodomy and two counts of second-degree rape. He argues that the judgment should be vacated because the trial court erred by (1) denying his motion to withdraw his guilty pleas; and (2) imposing a forty-year sentence, which exceeds the maximum sentence permitted by Kentucky Revised Statutes (KRS) 532.110.

We hold that the trial court did not abuse its discretion when it denied Morman's motion to withdraw his guilty plea but that Morman's sentence does exceed the maximum allowed by KRS 532.110. Thus, we affirm Morman's

1

convictions; but we vacate his sentence and remand the case to the trial court for imposition of a new sentence.

## II. FACTS AND PROCEDURAL HISTORY.

The grand jury indicted Morman on twelve counts of second-degree sodomy, twelve counts of second-degree rape, one count of using a minor in a sexual performance, and for being a persistent felony offender in the first degree (PFO I). Those charges all stemmed from Morman's admitted sexual relationship with a thirteen-year old girl.

Morman originally decided to accept the Commonwealth's plea offer; but, on the date set for his court appearance on the charges, Morman changed his mind and rejected the plea offer. At that aborted hearing, Morman stated that he didn't "know anything about the case" because his attorney had only visited him once. By contrast, Morman's attorney told the trial court that he had visited Morman at the jail three times and that his investigator had been there twice. The trial court denied Morman's oral request for a new attorney but stated that if Morman "continu[ed] to be dissatisfied prior to trial[,] the Court will consider any motions made at that time."

Several months later, Morman, again, reversed course and decided to accept a plea offer from the Commonwealth in which Morman agreed to plead guilty to two counts of second-degree rape and two counts of second-degree sodomy in exchange for dismissal of the other charges. During the Boykin[1] colloquy with the trial court, Morman stated that he was fully satisfied with his

---

[1]  Boykin v. Alabama, 395 U.S. 238 (1969).

2

attorney's representation and that he had had all the time necessary to confer with his attorney.

By the time of the sentencing hearing, approximately one month later, Morman had changed his mind again. He, again, complained about his attorney but for different reasons. At that hearing, Morman asked to withdraw his guilty plea because he believed he had been "misrepresented" by his attorney and that his attorney "has been prejudiced and biased with this case from the beginning. . . . [And his attorney had] intimidated [him into] taking a blind plea by scaring [him] with life in prison and in saying that he believed the jury would give [him] more time than the Commonwealth was offering because [he] didn't have any defense in [his] case."

The trial court denied Morman's oral motion noting that Morman could have received a very lengthy sentence if the matter had proceeded to trial and, furthermore, that Morman had stated during the Boykin colloquy that he was satisfied with his attorney's representation and was pleading guilty voluntarily. The trial court concluded that "the only reason that you [Morman] want to withdraw your plea now is that you perhaps accurately perceived that this Court is not going to go lightly as far as a sentence to be imposed." The trial court then imposed the maximum ten-year sentence on all four counts (two counts of second-degree rape and two counts of second-degree sodomy), to be served consecutively, for a total sentence of forty years. Morman then appealed.

# III. ANALYSIS.

## A. Standard of Review.

Kentucky Rules of Criminal Procedure (RCr) 8.10 provides, in relevant part, that "[a]t any time before judgment the court may permit the plea of guilty or guilty but mentally ill, to be withdrawn and a plea of not guilty substituted." Because "[a] guilty plea is valid only when it is entered [into] intelligently and voluntarily[,]"[2] a trial court should determine, on the record, whether the plea was made voluntarily before ruling on a motion to withdraw a guilty plea.[3] If the trial court finds that the plea was involuntary, it must permit the defendant to withdraw his plea.[4] But if the trial court determines that the plea was voluntary, it then has the discretion to either grant or deny the motion.[5]

In order to determine if a guilty plea was made voluntarily, a court must "consider the totality of the circumstances surrounding the guilty plea[.]"[6] Although not necessarily denominated as such, it appears that Morman's oral motion to withdraw his guilty plea was based on the perceived ineffectiveness of his counsel. When the motion to withdraw the plea is based upon a claim of ineffective assistance of counsel, a trial court must undertake "an inherently

---

[2]   Bronk v. Commonwealth, 58 S.W.3d 482, 486 (Ky. 2001).

[3]   Rigdon v. Commonwealth, 144 S.W.3d 283, 287-88 (Ky.App. 2004).

[4]   Rodriguez v. Commonwealth, 87 S.W.3d 8, 10 (Ky. 2002).

[5]   Id.

[6]   Bronk, 58 S.W.3d at 486.

4

factual inquiry[.]"[7]  "Generally, an evaluation of the circumstances supporting or refuting claims of coercion and ineffective assistance of counsel requires an inquiry into what transpired between attorney and client that led to the entry of the plea, *i.e.*, an evidentiary hearing."[8]

We review a trial court's determination regarding the voluntariness of a guilty plea under a clearly erroneous standard[9] but review a trial court's decision to deny a motion to withdraw a plea that it has determined was voluntarily made under an abuse of discretion standard.[10]  A decision that is supported by substantial evidence is not clearly erroneous.[11]  A trial court abuses its discretion only when it acts arbitrarily, unreasonably, unfairly, or outside of sound legal principles.[12]

Our task is, first, to determine if the trial court decided that Morman's plea was made voluntarily.  If so, we review that decision under the clearly erroneous standard.  If we determine that the trial court did not clearly err in determining that Morman's plea was voluntarily entered, we then determine whether the trial court's decision to deny Morman's motion to withdraw his guilty plea was so unfair as to constitute an abuse of discretion.

---

[7]  *Id.* at 489 (Cooper, J., concurring).

[8]  Rodriguez, 87 S.W.3d at 11.

[9]  Rigdon, 144 S.W.3d at 288 (*citing* Bronk, 58 S.W.3d at 489 (Cooper, J., concurring)).

[10]  *Id.* (*citing* Bronk, 58 S.W.3d at 487).

[11]  *Id.*

[12]  *Id.*

## B. The Trial Court's Decision to Deny Morman's Motion to Withdraw His Guilty Plea Was Neither Clearly Erroneous Nor an Abuse of Discretion.

The record does not reflect an express finding by the trial court regarding the voluntariness of Morman's plea. But shortly before denying Morman's motion to withdraw his guilty plea, the trial court recalled its colloquy with Morman at length and reminded Morman that he had stated, under oath, during that colloquy that his plea was voluntary and that he was satisfied with his attorney's representation. And the trial court essentially found that Morman met all of the Boykin requirements. Boykin requires a trial court to "make an affirmative showing, on the record, that a guilty plea is voluntary and intelligent before it may be accepted."[13] So, though better practice would certainly have been for the trial court to have made an explicit finding that Morman's plea was made voluntarily, we will construe the trial court's comments regarding its Boykin colloquy with Morman as the functional equivalent of a finding that Morman's plea was voluntarily made. Therefore, we must next attempt to determine whether the trial court clearly erred when it concluded that Morman's plea was voluntary.

At the time he entered his plea, Morman stated, under oath, that he had freely and voluntarily decided to accept the Commonwealth's plea offer. Although we recognize that the question of whether a plea was voluntary does not depend upon "reference to some magic incantation recited at the time it is

---

[13] Edmonds v. Commonwealth, 189 S.W.3d 558, 565 (Ky. 2006) (*citing* Boykin, 395 U.S. at 241-42).

6

taken[,]"[14] we also are aware that "[s]olemn declarations in open court carry a strong presumption of verity."[15] The purportedly voluntary nature of Morman's plea is not supported solely by his own statements under oath, however, since Morman's counsel also stated (at the time the plea was entered) that Morman was aware of the charges against him and his constitutional rights and, furthermore, that Morman was pleading guilty voluntarily. We note that Morman received a benefit from his decision to plead guilty because the Commonwealth agreed to dismiss numerous other charges.

"A criminal defendant may demonstrate that his guilty plea was involuntary by showing that it was the result of ineffective assistance of counsel."[16] And a guilty plea may be attacked on the grounds that the defendant's attorney was ineffective.[17] But, in order to show ineffective assistance of counsel, Morman was required to demonstrate: "(1) that counsel made errors so serious that counsel's performance fell outside the wide range of professionally competent assistance; and (2) that the deficient performance so seriously affected the outcome of the plea process that, but for the errors of counsel, there is a reasonable probability that the defendant would not have

---

[14]  Kotas v. Commonwealth, 565 S.W.2d 445, 447 (Ky. 1978).

[15]  Centers v. Commonwealth, 799 S.W.2d 51, 54 (Ky.App. 1990).

[16]  Rigdon, 144 S.W.3d at 288.

[17]  Rodriguez, 87 S.W.3d at 10.

pleaded guilty, but would have insisted on going to trial."[18]  Morman simply has not satisfied those requirements.

An attorney is not constitutionally ineffective for merely advising a client to plead guilty in order to receive a lesser sentence.[19]  Thus, Morman's attorney did not fall below an objective standard of reasonableness based solely on his advising Morman to plead guilty in light of the Commonwealth's offer to dismiss several charges and, especially, in light of the fact that Morman had already confessed to having a sexual relationship with the victim.

Morman's motion to withdraw his guilty plea contains no showing that Morman was prejudiced by his counsel's performance such that he would have insisted on going to trial, absent his counsel's allegedly improper conduct. Although Morman disagreed, Morman's counsel's alleged comment that Morman would have received a greater sentence had he gone to trial appears to have been a reasonable assessment of the evidence, given the nature of the charges against Morman and the confession he had given to the police.  In short, Morman has not shown that his counsel performed in a constitutionally deficient manner meaning that the trial court did not clearly err when it determined that Morman's plea was voluntary.

Morman's generic motion and brief make no concrete allegation that the lack of a formal hearing caused him to suffer specific, identifiable prejudice (e.g., that he was unable to present any specific evidence or witness to

---

[18]  Bronk, 58 S.W.3d at 486-87.

[19]  See, e.g., Commonwealth v. Campbell, 415 S.W.2d 614, 616 (Ky. 1967).

the trial court in support of his motion). Thus, we do not believe the lack of a formal hearing on Morman's motion rises to the level of reversible error. In short, after considering the totality of the circumstances of this case, including the lack of identifiable prejudice to Morman and his statements under oath that he was pleading guilty voluntarily and that he was satisfied with his counsel's performance, we hold that the trial court did not abuse its discretion when it denied Morman's motion to withdraw his voluntarily entered guilty plea.

### C. Morman's Forty-Year Sentence Violates KRS 532.110.

Morman contends that his maximum sentence should have been twenty years' imprisonment under KRS 532.110(1)(c). Although it does not concede the correctness of Morman's argument, neither does the Commonwealth argue that Morman's sentence was proper.

KRS 532.110(1)(c) provides that if a person is convicted of multiple crimes, a trial court may choose to run the sentences for each conviction concurrently or consecutively, except that "[t]he aggregate of consecutive indeterminate terms shall not exceed in maximum length the longest extended term which would be authorized by KRS 532.080 for the highest class of crime for which any of the sentences is imposed." Both second-degree rape and second-degree sodomy are Class C felonies.[20] Thus, under KRS 532.080(6)(b), Morman's maximum sentence is twenty years' imprisonment.[21]

---

[20] *See* KRS 510.080(2) (Sodomy in the Second Degree); KRS 510.050(2) (Rape in the Second Degree).

[21] KRS 532.080(6)(b) provides that "[i]f the offense for which he presently stands convicted is a Class C or Class D felony, a persistent felony offender in the first

9

The requirements of KRS 532.110(1)(c) may be waived, provided such a waiver is knowingly and voluntarily made.[22] Nevertheless, there is no indication that Morman voluntarily entered into such a waiver. However, Morman also did not contemporaneously object to his improper sentence. Thus, our review is limited to a palpable error review under RCr 10.26, which provides that "[a] palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error."

For an error to be palpable, it must be "easily perceptible, plain, obvious and readily noticeable."[23] A palpable error "must involve prejudice more egregious than that occurring in reversible error[.]"[24] A palpable error must be so grave that if it were uncorrected, it would seriously affect the fairness of the proceedings.[25] Thus, what a palpable error analysis "boils down to" is whether the reviewing court believes there is a "substantial possibility" that the result in

---

degree shall be sentenced to an indeterminate term of imprisonment, the maximum of which shall not be less than ten (10) years nor more than twenty (20) years."

[22] *See, e.g.,* Myers v. Commonwealth, 42 S.W.3d 594 (Ky. 2001).

[23] Burns v. Level, 957 S.W.2d 218, 222 (Ky. 1997) (*citing* BLACK'S LAW DICTIONARY (6th ed. 1995)).

[24] Ernst v. Commonwealth, 160 S.W.3d 744, 758 (Ky. 2005).

[25] *Id.*

the case would have been different without the error.[26] If not, the error cannot be palpable.

Although the parties do not engage in a detailed palpable error analysis, and we do not condone Morman's counsel's failure to object to an improper sentence, we think it plain that Morman suffered obvious prejudice and injury to his substantial rights when he was sentenced to a term of imprisonment double that permitted under the law. Accordingly, we vacate Morman's sentence and remand this case to the trial court with instructions to sentence Morman in accordance with the limitations imposed by KRS 532.110(1)(c).

## IV. CONCLUSION.

For the foregoing reasons, Timothy Morman's convictions for two counts of second-degree sodomy and two counts of second-degree rape are affirmed; but his forty-year sentence is reversed, and this matter is remanded to the trial court for re-sentencing consistent with this opinion.

All concur.

---

[26] Schoenbachler v. Commonwealth, 95 S.W.3d 830, 836 (Ky. 2003) (*quoting* Abernathy v. Commonwealth, 439 S.W.2d 949, 952 (Ky. 1969)).

COUNSEL FOR APPELLANT:

Donna L. Boyce
Assistant Public Advocate
Department of Public Advocacy
100 Fair Oaks Lane, Suite 302
Frankfort, KY 40601


COUNSEL FOR APPELLEE:

Gregory D. Stumbo
Attorney General of Kentucky

Wm. Robert Long, Jr.
Assistant Attorney General
Office of Criminal Appeals
Office of Attorney General
1024 Capital Center Drive
Frankfort, KY 40601