RENDERED: JUNE 18, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0046-MR

JUAN BERRY APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.    HONORABLE AUDRA J. ECKERLE, JUDGE
ACTION NO. 08-CR-001047

COMMONWEALTH OF KENTUCKY APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: GOODWINE, MAZE, AND McNEILL, JUDGES.

McNEILL, JUDGE: Juan Berry (Berry), *pro se*, appeals from the Jefferson Circuit

Court's order denying his CR[1] 60.02 motion for resentencing. We reverse and

remand for resentencing.

---

[1] Kentucky Rules of Civil Procedure.

# I. BACKGROUND

On March 26, 2008, Berry was indicted on charges of: 1) sodomy in the first degree, a Class B felony[2]; 2) unlawful transaction with a minor in the first degree, a Class B felony[3]; 3) sexual abuse in the first degree, a Class D felony[4]; and 4) being a persistent felony offender in the first degree.[5]

Berry entered into a plea agreement with the Commonwealth. On June 11, 2008, the trial court entered a judgment and sentence consistent with that plea agreement. Berry was sentenced under amended charges of: 1) being a persistent felony offender in the second degree[6]; 2) sodomy in the third degree, a Class D felony[7]; 3) unlawful transaction with a minor in the second degree, a Class D felony[8]; and 4) the unamended charge of sexual abuse in the first degree, also a Class D felony. Berry was sentenced to five years on each count for the sodomy, unlawful transaction with a minor, and sexual abuse charges. Each sentence was enhanced to ten years by the persistent felony offender conviction. Pursuant to the plea agreement, the three ten-year sentences were to run consecutively.

---

[2] Kentucky Revised Statutes (KRS) 510.070(1)(a).
[3] KRS 530.064.
[4] KRS 510.110(1)(a).
[5] KRS 532.080.
[6] KRS 532.080.
[7] KRS 510.090.
[8] KRS 530.065.

In its judgment, the trial court noted, "The Commonwealth recommends that these 10-year sentences run consecutively for a total of 30 years to serve. [Berry] agrees to waive the statutory cap on sentencing in exchange for more favorable parole eligibility resulting from this offer." Later, the trial court entered an amended judgment, further clarifying the agreement regarding parole eligibility:

> Specifically, all parties have contemplated and agree that this plea shall make [Berry] eligible for parole after serving twenty percent (20%) of this sentence and [Berry] is NOT to be classified as a violent offender for the purposes of determining his parole eligibility.

On December 27, 2013, Berry moved the trial court for resentencing under CR 60.02. He maintained that pursuant to KRS 532.080(6)(b) and KRS 532.110(1), the maximum total sentence for three multiple class D felony offenses was twenty years. The trial court denied the motion on November 25, 2015. This Court affirmed the trial court. *See Berry v. Commonwealth*, No. 2015-CA-1897-MR, 2017 WL 4712777 (Ky. App. Oct. 20, 2017).

On January 8, 2019, Berry filed a second motion pursuant to CR 60.02, making substantially the same argument as his previous CR 60.02 motion. In further support, however, Berry cited the Kentucky Supreme Court's decision in *Phon v. Commonwealth*, 545 S.W.3d 284 (Ky. 2018), which was decided after the appeal of the order denying his December 27, 2013 CR 60.02 motion. The trial

court denied Berry's second CR 60.02 motion on October 25, 2019. This appeal followed.

## II. STANDARD OF REVIEW

We review the trial court's denial of a motion pursuant to CR 60.02 under an abuse of discretion standard. *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000). An abuse of discretion occurs when a "trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

## III. ANALYSIS

The relevant portion of CR 60.02 provides:

> On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: . . . (e) the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (f) any other reason of an extraordinary nature justifying relief.

Berry argues that his sentence was illegal and therefore void under CR 60.02(e). He maintains, as he did in his previous appeal, that the maximum aggregate sentence for three Class D offenses under KRS 532.080(6)(b) and KRS 532.110(1) is twenty years.

Berry cites *McClanahan v. Commonwealth*, 308 S.W.3d 694, 701 (Ky. 2010), for the proposition that the statutory maximums prevent a plea agreement such as his, where a defendant voluntarily waives a statutory cap in exchange for other considerations. This argument was rejected in this Court's previous opinion:

> At the time Berry entered his guilty plea, the law in Kentucky was that "a defendant may validly waive the maximum aggregate sentence limitation in KRS 532.110 (1)(c) that otherwise would operate to his benefit." *Myers v. Commonwealth*, 42 S.W.3d 594, 597 (Ky. 2001), overruled by *McClanahan v. Commonwealth*, 308 S.W. 3d 694 (Ky. 2010).
>
> . . .
>
> In the current case, Berry's plea and sentence were lawful at the time it was entered, and the decision in *McClanahan* was rendered a few years after Berry's sentence became final. Berry entered his plea voluntarily with full knowledge that the sentence exceeded the statutory sentencing terms with the express purpose of obtaining more favorable treatment for parole considerations. . . . Consequently, Berry has failed to show that there are strong equities requiring departure from the proscription against retroactive treatment of new decisions changing prior law or that failure to resentence him would constitute a flagrant miscarriage of justice.

*Berry*, 2017 WL 4712777 at *2-3. We noted then that no published cases at the time addressed the retroactive application of *McClanahan*. *Berry*, 2017 WL 4712777 at *2.

Since this Court's ruling on Berry's previous appeal, however, the Kentucky Supreme Court has rendered its opinion in *Phon*. In *Phon*, the defendant appealed the denial of a CR 60.02 motion challenging the legality of his sentence as being outside the statutory framework. In remanding the case to the trial court with instructions to impose a legal sentence, the Court stated, "We hold today that a sentence imposed beyond the limitations of the legislature as statutorily imposed is unlawful and void." *Phon*, 545 S.W.3d at 304. "It is because these sentences are void and unlawful that CR 60.02 provides the proper remedy for relief." *Id*. Further, "[i]t is logical that such illegal sentences are considered void and correctable at any time, as contrasted to an attack on the underlying conviction. If the sentence goes beyond the jurisdiction of the court imposing it, then it must be considered a legal nullity." *Id*. at 305.

While the Commonwealth argues, pursuant to *Gross v. Commonwealth*, 648 S.W.2d 853, 857 (Ky. 1983), that Berry cannot raise an issue in a CR 60.02 motion which "could reasonably have been presented" in a motion under RCr. 11.42, the Kentucky Supreme Court also ruled in *Phon* that the necessity of correcting an illegal sentence overcomes any possible procedural bar to a CR 60.02 motion. 545 S.W.3d 284. "Illegal sentences must always be correctable. To hold otherwise would fly in the face of the separation of powers doctrine and grant the judiciary powers it was never intended to hold." *Id.* at 307.

The Commonwealth also argues that because the sentence was considered legal at the time it was imposed under *Myers* and prior to the ruling in *McClanahan*, it should be upheld. However, the Kentucky Supreme Court considered the identical argument in *Phon*. It held that a change in the interpretation of a statute which renders a previous sentence illegal applies retroactively, whereas a change to a statute itself does not. *Phon*, 545 S.W.3d at 301.

Berry's sentence is void because the thirty years' imprisonment for three Class D felonies exceeds the statutory maximum of twenty years pursuant to KRS 532.080(6)(b) and KRS 532.110(1). Based upon the guidance of *Phon*, we are compelled to conclude that the trial court abused its discretion when it denied Berry's CR 60.02 motion for resentencing. On remand, we direct the trial court to impose a sentence not to exceed the statutory maximum.

## III. CONCLUSION

For the reasons set forth above, we reverse the Jefferson Circuit Court's order denying Berry's CR 60.02 motion and remand to the trial court with directions to impose a sentence of imprisonment in conformance with the Kentucky Revised Statutes.

ALL CONCUR.

BRIEF FOR APPELLANT:

Juan Berry, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

E. Bedelle Lucas
Assistant Attorney General
Frankfort, Kentucky