Bob Edward SKILES, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

No. 87–CA–1095–MR.

Court of Appeals of Kentucky.

July 15, 1988.

Rehearing Denied Sept. 16, 1988.

Ned B. Pillersdorf, Prestonsburg, for appellant.

David L. Armstrong, Atty. Gen., Joseph R. Johnson, Asst. Atty. Gen., Frankfort, Nancy M. Collins, Sp. Asst. Atty. Gen., Hazard, for appellee.

Before COOPER, HOWARD and REYNOLDS, JJ.

HOWARD, Judge.

The appellant initially received a sentence of five years pursuant to his guilty plea in Perry Circuit Court. The statute applying to the appellant's offense required a minimum sentence of ten years. Consequently, the appellant was resentenced to a ten-year term by the trial court. The appellant appeals.

On July 3, 1986, the appellant was indicted by a Perry County grand jury on one count of trafficking in cocaine, a Schedule II narcotic, with a previous Ohio conviction for "aggravated trafficking" in Methaqualone. The appellant was also charged with being a persistent felony offender due to a previous conviction in Ohio for attempt to commit murder.

On March 30, 1987, the appellant signed a plea agreement in which he agreed to plead guilty to the trafficking charge. In return, the Commonwealth would recommend a ten-year sentence on that charge and dismissal of the persistent felony offender in the second degree count. The trial court entered an order dated April 1, 1987, accepting the guilty plea to trafficking in cocaine and noting the commonwealth's recommendation. The persistent felony offender charge was dismissed.

At the final sentencing hearing, the Commonwealth again made its recommendation of a ten-year term for trafficking. At the conclusion of the hearing, the trial court ordered the appellant to serve a five-year sentence on the trafficking charge. The sentence of five years was reflected in the final judgment of April 24, 1987.

On May 5, 1987, the Commonwealth filed a motion to vacate the judgment. The Commonwealth noted that the appellant was charged in the indictment with trafficking (enhanced penalty) because of the previous Ohio conviction for "aggravated trafficking." The Commonwealth argued that the penalty for trafficking (enhanced) is ten to twenty years in prison, thus, the court had no jurisdiction to reduce the sentence to five years.

On May 12, 1987, the trial court entered a judgment setting aside the judgment of April 24, 1987, and sentencing the appellant to a ten-year prison term. The appellant appeals from that judgment.

The appellant contends that the trial court erred in setting aside the initial final judgment.

KRS 218A.990(1) provides that:

Any person who knowingly and unlawfully traffics or transfers a controlled substance classified in Schedules I or II which is a narcotic drug or which is included in KRS 218A.070(1)(d) shall, for the first offense, be confined in the penitentiary for not less than 5 nor more than 10 years or be fined not less than $5,000 nor more than $10,000 or both, and for each subsequent offense shall be confined in the penitentiary for not less than 10 years nor more than 20 years or be fined not less than $10,000 nor more than $20,000 or both.

Methaqualone is a Schedule I narcotic. 902 KAR 55:815(4).

The Commonwealth asserts that under KRS 218A.990(1), the appellant, because he had a prior offense, could only be sentenced to a prison term of between 10 and 20 years. Thus, the Commonwealth maintains the trial court had no authority to sentence the appellant to only five years.

The appellant argues that he was not under the impression he was entering a guilty plea to the enhanced penalty. For example, the appellant points out that the plea agreement states that the charge was trafficking in cocaine "enhanced sentence" with a maximum sentence of 20 years but that the recommendation only stated "10 year sentence on trafficking." The waiver of further proceedings with petition to enter plea of guilty stated the charge was trafficking (enhanced penalty) but, in another section, the appellant wrote that he wished to plead guilty only to "trafficking in cocaine."

However, in the order accepting the appellant's guilty plea, issued on April 1, 1987, the trial court stated the appellant had pled guilty to "Count One of the Indict-

ment" and adjudged him guilty of "Count I."

At the subsequent final sentencing, several references to "Count I" of the indictment were made. Further, there was a discussion of the appellant's prior trafficking conviction in Ohio.

The April 24, 1987 final judgment which the appellant seeks to uphold states that the appellant was adjudged "guilty of the crime of Count I of the Indictment—Trafficking in cocaine." As stated previously, count I of the indictment called for the enhanced penalty and the indictment was never amended. From the above circumstances, we must conclude that the appellant was aware of the charge to which he pled guilty.

KRS 218A.990(1) provides that a person convicted of a subsequent trafficking offense "shall" be given a sentence of 10 to 20 years. The language is mandatory and the trial court was without authority to avoid it. *Clinton County Farm Bureau v. Clinton County Fiscal Court,* Ky., 339 S.W.2d 930 (1960); *Woods v. Commonwealth,* Ky., 305 S.W.2d 935 (1957). Thus, the initial sentence was unlawful. The only question is whether the trial court had the authority to vacate the appellant's initial sentence and resentence the appellant to the proper term.

In *United States v. DiFrancesco,* 449 U.S. 117, 134, 101 S.Ct. 426, 435–56, 66 L.Ed.2d 328, 344 (1980), the Court stated that for purposes of the Double Jeopardy Clause, "[t]his Court's decisions in the sentencing area clearly establish that a sentence does not have the qualities of constitutional finality that attend an acquittal." For example, the defendant in *Bozza v. United States,* 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947), was convicted of a crime for which the punishment was a mandatory minimum prison sentence and a fine. The defendant was sentenced only to imprisonment. The Court held that it was not double jeopardy when the trial court recalled the defendant and imposed both the fine and imprisonment. Consequently, there are no constitutional impediments to what the trial court did in the case at bar.

The question of vacating an unlawful sentence and resentencing the defendant has not been addressed in Kentucky. However, it has been addressed in other jurisdictions.

The defendant in *Niece v. State,* 456 N.E. 2d 1081 (Ind.App.1983), entered into a plea agreement in which he consented to plead guilty to forgery. In return, the state would dismiss a theft charge and recommend a five-year sentence with all but 30 days suspended. After the plea agreement was executed and the defendant sentenced, the state discovered that the defendant had committed a previous felony. The trial court, on the state's motion, vacated the guilty plea and set the case for trial. On appeal, the court stated the applicable sentencing statute did not permit suspension of sentence if the defendant had a prior felony, therefore, the original sentence was erroneous and the trial court had the authority to vacate it.

In *Wallace v. State,* 333 S.E.2d 874 (Ga. App.1985), the defendant was ordered to serve a 15–year term for armed robbery and five years for possession of a firearm by a convicted felon. Under the applicable statute, the proper sentence on the armed robbery charge was life imprisonment. Therefore, six weeks after imposition of the original sentence, the trial court resentenced the defendant to life imprisonment. The Court stated "[t]he trial court's original sentence was ... void, and it follows that the court's subsequent correction of the error was not only authorized but required." *Id.* at 876. *See People v. Wilson,* 111 Mich.App. 770, 315 N.W.2d 423 (1981).

In *State v. Burkhart,* 566 S.W.2d 871 (Tenn.1978), the defendant, imprisoned on a burglary conviction, entered a guilty plea to an escape charge. The defendant received a one-year sentence which the trial court, in effect, ordered to run concurrently with the sentence for the burglary conviction. The applicable statute required that the sentence for escape be served consecutively with the sentence for burglary. The Court held that the trial court had the power and the duty to correct the illegal judgment.

The rule that a trial court which has imposed an unlawful sentence can correct that sentence at any time appears to be the majority position in those jurisdictions which have considered the matter. 28 A.L.R. 4th 147. We feel the rule is sound and does not offend any right of the defendant. Therefore, in the case at bar, the trial court properly vacated the unlawful sentence of 5 years and resentenced the appellant to a term of 10 years.

The judgment is affirmed.

All concur.