Pierce NEACE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 97–SC–808–MR.

Supreme Court of Kentucky.

Sept. 3, 1998.

Rehearing Denied Nov. 19, 1998.

John Palombi, Assistant Public Advocate, Department of Public Advocacy, Frankfort, for Appellant.

A.B. Chandler, III, Attorney General, Amy F. Howard, Assistant Attorney General, Criminal Appellate Division, Office of the Attorney General, Frankfort, for Appellee.

LAMBERT, Justice.

Appellant, Pierce Neace, was convicted in the Breathitt Circuit Court of sodomy in the first degree and sentenced to twenty years imprisonment. He appeals to this Court as a matter of right. Ky. Const. § 110(2)(b).

Appellant is the brother of F.L.'s stepfather. At trial, F.L. testified that in June 1984, when he was eight years old, appellant came into his bedroom and sodomized him. Afterwards, appellant gave F.L. a quarter and threatened to hurt F.L. and his brothers if F.L. told anyone about the incident. F.L. hid the quarter in his shirt drawer. F.L.'s sister testified that later that day, she came into the bedroom and found F.L. sitting on his bed, holding his stomach, and crying. When she asked F.L. what was wrong, he said that his stomach hurt. Some time later, she found the quarter in F.L.'s drawer and asked F.L. where he got the quarter. At first, F.L. said that he couldn't tell because appellant would hurt him. Eventually, F.L. told his sister what had happened.

The jury found appellant guilty of sodomy in the first degree. At the sentencing phase of the trial, the jury received the following instruction:

> You have found the Defendant guilty of Sodomy, First Degree. You shall now fix his punishment for that offense at confinement in the penitentiary for twenty years or more, or for life, in your discretion.

The jury began its deliberations but returned with a question for the trial court:

> [W]e were just wondering why there was a minimum and a maximum. We were confused on the way this read—if the minimum was twenty years? That's the least we can give him, and, the most we can give him is life, is what we would like answered.

The court called a bench conference, and both counsel acknowledged uncertainty regarding whether the court could answer the jury's question. The Commonwealth stated, "She is correct on that." Appellant's counsel responded,

> I don't know—you know, I guess—at least, [the juror] has asked a question, because what happens, if they go in there, and come back and they write down five years or ten years? If that happens, then, I think the judge has got to set that verdict aside, and I think it's up to the judge to set the verdict, on the basis of the law, and what I believe it to be . . .

Appellant's counsel then suggested that the instructions be re-read to the jury, and the Commonwealth agreed. The court re-read the instruction and informed the jury that no further comment could be made on the instructions.

The jury continued its deliberations and returned with a verdict of five years imprisonment. The trial court polled the jury and each juror affirmed that this was the verdict. The trial court asked both counsel if they had anything further to say. The Commonwealth's attorney replied that he did not have anything to say before the jury, and appellant's counsel did not reply audibly. The trial court dismissed the jury.[1] Upon motion by the Commonwealth and over appellant's objection, the trial court disregarded the jury's recommendation and imposed a twenty-year sentence, the statutory minimum.

Appellant's sole claim of error is that the trial court, upon having accepted the jury's verdict of five-years, had no authority to set aside the recommendation and impose a twentyyear sentence, even though the five-year sentence was outside the range of punishments provided by law.[2]

█ In support of this view, appellant argues that the trial court was not authorized by RCr 9.84 or KRS 532.070 to increase the recommended sentence. According to RCr 9.84, a trial court may sentence a defendant in three instances: where the penalty is fixed by law, where the court is otherwise authorized by law, and in certain guilty plea cases. KRS 532.070(1) allows a trial court to decrease a jury-recommended sentence for a felony if the court deems the sentence 'unduly harsh.' Nothing in these provisions prohibits a trial court from disregarding a flawed sentencing recommendation. RCr 9.84 and KRS 532.070 do not control the issue.

Appellant next asserts that a sentence which is lower than the statutory minimum is merely erroneous, not void, *Thomas v. Maggard*, Ky., 313 S.W.2d 271 (1958), and therefore the trial court had no authority to set aside the jury's recommendation. In *Thomas*, the defendant sought habeas corpus relief based upon the fact that his sentence was lower than the statutory minimum required for the offense. He reasoned that a sentence not provided by law was invalid, entitling him to release. The court denied relief because the sentence was erroneous, but not void. *Thomas* is distinguishable from the case at bar because it addressed the standard for vacating a sentence on habeas corpus review, not the standard for correcting an erroneous verdict in the trial court.

█ The Commonwealth contends that the recommended 5–year sentence was illegal, and that the trial court acted properly by correcting the verdict. The applicable statutory law governing a jury's sentencing duty is clear. KRS 532.055 states that "[u]pon return of a verdict of guilty ... the jury will determine the punishment to be imposed within the range provided elsewhere by law." (Emphasis added). The statutes which define the punishment range are equally clear. KRS 510.070(2) classifies sodomy in the first degree as a Class A felony if the victim is under twelve years old. KRS 532 .030(2) states that "[w]hen a person is convicted of a Class A felony he shall have his punishment fixed at imprisonment in accordance with KRS 532.060." KRS 532.060(2)(a) sets the sentence for a Class A felony at "not less than twenty (20) years nor more than life imprisonment." According to these statutes, when a jury has convicted a person of first-degree sodomy, the jury must recommend a sentence between twenty years and life imprisonment. As the recommended five-year sentence was not within the prescribed statutory range, it was unauthorized and unlawful.

---

1. It would have been better practice for the trial court to have ordered the jury into further deliberations with directions to re-read the instructions and return a verdict consistent therewith. If appellant's counsel had requested such relief and the trial court had refused, such would have been error. As it was, however, counsel did not seek further deliberations and informed the trial court that the verdict should be set aside and sentence imposed as provided by law. Accordingly, the error was unpreserved.

2. We have not overlooked the possibility that appellant's claim of error with respect to the sentence imposed is unpreserved. We recognize that appellant's counsel told the trial court that the verdict should be set aside and judgment entered in accordance with the law. However, counsel did timely object after the judgment had been entered. Accordingly, we believe the issue as to the sentence imposed to have been sufficiently raised in the trial court to permit appellate review.

In such circumstances, whether to vacate an unlawful sentence and re-sentence a defendant as provided by law was first addressed in Kentucky in *Skiles v. Commonwealth,* Ky.App., 757 S.W.2d 212 (1988). In *Skiles,* the defendant pled guilty to trafficking in cocaine and initially received a sentence of five years imprisonment. This five-year sentence was below the statutory minimum for the offense, and the trial court subsequently re-sentenced the defendant to ten years as required by the applicable penalty statute. The Court of Appeals affirmed the trial court's sentence modification, stating that when a trial court has imposed an unlawful sentence, the trial court can correct that sentence at any time. *Id.* at 215.

 Appellant contends that *Skiles* is distinguishable from the case at bar because *Skiles* involved a trial court sentencing on a guilty plea and not a trial court responding to a jury recommendation. We disagree. This Court has clearly stated that "the final sentencing determination is made by the court; ... the jury verdict is no more than a recommendation." *Commonwealth v. Johnson,* Ky., 910 S.W.2d 229, 230 (1995); *see also Dotson v. Commonwealth,* Ky., 740 S.W.2d 930, 931 (1987). Thus, whether the unlawful sentence is recommended by the jury or an unlawful sentence is imposed following a guilty plea, the result is the same. In either instance, the sentence must be corrected to conform to the law.

Appellant further contends, however, that once the jury has been released, the trial court has irrevocably accepted the jury's recommendation and thus the five-year sentence was final. This contention is wholly refuted by the *Skiles* holding that a trial court can correct an unlawful sentence "at any time." *Skiles,* 757 S.W.2d at 215. The trial court in the instant case corrected the sentence immediately after the jury was released. It is unnecessary to consider whether the *Skiles* "at any time" correction standard is too liberal or far-reaching. Here the trial court disregarded the improper jury recommendation and imposed the minimum sentence allowed by law. This was the most favorable possible result for appellant, and he

is without any claim of a due process violation.

The trial court properly corrected the unlawful sentence. Any other result would permit juries to re-write penalty statutes and effectively nullify the sentencing laws. As stated in *Medley v. Commonwealth,* Ky., 704 S.W.2d 190 (1985), a jury has the right to disbelieve the evidence presented at trial, but not to disregard the law. *Id.* at 191. In the present case, the jury's sentencing recommendation fell outside the required statutory range, and the trial court properly corrected the sentence to conform to the law.

For the foregoing reasons, the judgment of the Breathitt Circuit Court is affirmed.

STEPHENS, C.J., and COOPER, GRAVES, JOHNSTONE, STUMBO and WINTERSHEIMER, JJ., concur.