**Gabrielle JONES, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2005–CA–002333–MR.

Court of Appeals of Kentucky.

July 28, 2006.

Samuel N. Potter, Department of Public Advocacy, Frankfort, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Michael L. Harned, Frankfort, KY, for appellee.

Before COMBS, Chief Judge; GUIDUGLI and JOHNSON, Judges.

*OPINION*

COMBS, Chief Judge.

Gabrielle Jones, a convicted sex-offender, appeals from an order of the Kenton Circuit Court revoking her conditional discharge from the penitentiary. Having reviewed the record and the applicable law, we find no error in the decision of the trial court. Thus, we affirm.

On December 17, 2001, Jones entered a plea of guilty to the charge of third-degree sodomy. As a part of her plea agreement, the court dismissed a charge of unlawful transaction with a minor. She was sentenced to serve five-years' imprisonment. She was also advised by the sentencing judge that as a sex offender, she was also subject to a three-year period of conditional discharge pursuant to the requirements of KRS [1] 532.043.

Jones served her sentence and was released from prison on March 9, 2005. On that date, Jones acknowledged that she would remain subject to the supervision of the Department of Corrections under terms of conditional discharge for a period of three years. Six months later, a proba-

---

1. Kentucky Revised Statutes.

tion and parole officer confirmed that Jones had violated the terms of her conditional discharge by using controlled substances, by failing to undergo treatment for substance abuse, and by failing to complete the Kentucky Sex Offender Treatment Program.

The trial court held a revocation hearing on October 10, 2005. Jones admitted that she had violated the terms of her conditional discharge, but she argued that the proceedings against her should be dismissed since the court's written judgment failed to include any reference to the provisions of KRS 532.043 or to a period of conditional discharge.

The court recalled that it had informed Jones of the three-year period of conditional discharge mandated by the provisions of KRS 532.043 at the time of sentencing. Therefore, it denied Jones's motion to dismiss the revocation proceedings. Jones was ordered to serve the remainder of the period of her conditional discharge. This appeal followed.

On appeal, Jones again argues that the trial court erred by failing to dismiss the revocation proceedings because the court's written judgment failed to recite the conditional discharge as part of her sentence. She claims that "the three year conditional discharge does not apply to a defendant unless the trial judge includes it in the final judgment as part of the defendant's sentence." We disagree.

▇ KRS 532.043 provides in unequivocal and mandatory language as follows:

(1) In addition to the penalties authorized by law, any person convicted of, pleading guilty to, or entering an Alford plea to a felony offense under KRS Chapter 510, KRS 529.030, 530.020, 530.064, 531.310, or 531.320 **shall be subject to a period of condi-**

**tional discharge** following release from:

    (a) Incarceration upon expiration of sentence; or

    (b) Completion of parole.

(2) The period of conditional discharge **shall be** three (3) years.

(3) During the period of conditional discharge, the defendant **shall**:

    (a) Be subject to all orders specified by the Department of Corrections; and

    (b) Comply with all education, treatment, testing, or combination thereof required by the Department of Corrections.

(4) Persons under conditional discharge pursuant to this section **shall be subject to the supervision** of the Division of Probation and Parole.

(5) If a person violates a provision specified in subsection (3) of this section, the violation **shall be reported in writing** to the Commonwealth's attorney in the county of conviction. The Commonwealth's attorney may petition the court to revoke the defendant's conditional discharge and reincarcerate the defendant as set forth in KRS 532.060.

(6) The provisions of this section **shall apply** only to persons convicted, pleading guilty, or entering an Alford plea after July 15, 1998.

(Emphases added).

While a former version of KRS 532.043 provided that "any person convicted of, pleading guilty to, or entering an Alford plea to a felony [sex] offense ... **shall be sentenced** to a period of conditional discharge[,]" the amended version (pursuant to which Jones was sentenced) provided that the felon "**shall be subject** to a period of conditional discharge[.]" (Emphases added.) Under the amended version of

the statute, a three-year period of conditional discharge was not imposed by the trial court as a part of Jones's sentence. Instead, upon her conviction as a sex offender sentenced in 2001, Jones automatically became subject to the period of conditional discharge *as a matter of law.* Therefore, the omission of any mention of the statute or of its requirements in the court's written judgment is not erroneous. Jones is bound by its provisions.

Even if a recitation of the period of conditional discharge were a necessary component of the judgment, the trial court would be entitled to amend the judgment at any time to correct a clerical error. *See Cardwell v. Commonwealth,* 12 S.W.3d 672 (Ky.2000). Additionally, if the trial court's written order were deficient for failure to expressly provide for a fixed period of conditional discharge, the court would be similarly free to correct the order at any time. *See Neace v. Commonwealth,* 978 S.W.2d 319 (Ky.1998). The record reflects that the trial court explicitly raised the issue with Jones at the sentencing hearing. Her notice was complete regardless of the fact that the written judgment fails to incorporate the oral pronouncement of the judge.

We affirm the order of the Kenton Circuit Court.

ALL CONCUR.