RENDERED: FEBRUARY 5, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1656-MR
AND
NO. 2019-CA-1665-MR

ZACHARY LAMAR TAYLOR                                                    APPELLANT


APPEAL FROM WARREN CIRCUIT COURT
v.          HONORABLE JOHN R. GRISE, JUDGE
ACTION NOS. 00-CR-00638 & 01-CR-00022-002


COMMONWEALTH OF KENTUCKY                                                 APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, MCNEILL, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: Zachary Lamar Taylor ("Appellant") appeals from an

order of the Warren Circuit Court denying his motion to alter, amend, or vacate a

sentence pursuant to Kentucky Rules of Civil Procedure ("CR") 60.02. Appellant

argues that the circuit court erred in failing to conduct a plea colloquy and in

subjecting him to a period of conditional discharge. He also maintains that the Kentucky Department of Corrections violated the separation of powers doctrine[1] by imposing a three-year period of conditional discharge. For the reasons addressed below, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

On October 11, 2000, Appellant was indicted in Case No. 00-CR-00638 on one count of rape in the first degree.[2] On January 17, 2001, he was indicted in Case No. 01-CR-00022-002 on charges of rape in the second degree, rape in the third degree, and two counts of unlawful transaction with a minor in the second degree.[3] Appellant pled guilty to all charges in return for a recommended sentence of 20 years.

On November 6, 2001, judgment was entered on the plea, and Appellant was sentenced to 30 years in prison. The sentence was probated for five years. Thereafter, Appellant's probation was revoked, and he was ordered to serve the 30-year sentence. Appellant then persuaded the circuit court to reduce the

---

[1] KY. CONST. §§27-28.

[2] Kentucky Revised Statutes ("KRS") 510.040.

[3] KRS 510.050, KRS 510.060, and KRS 530.065.

sentence to 20 years in prison in accordance with the plea agreement. The 20-year sentence was affirmed on appeal by a panel of this Court.[4]

After serving his sentence, Appellant was released from incarceration. On September 7, 2018, he was charged with a new offense of trafficking in a controlled substance in the first degree.[5] On October 9, 2019, he entered a guilty plea on the trafficking charge in Warren Circuit Court Case No. 18-CR-01090 and apparently was sentenced to one year in prison to be served consecutively with any other sentence.[6]

On March 21, 2019, Appellant, *pro se*, sent a letter to the Warren Circuit Court asserting that he had been improperly subjected to a three-year conditional discharge stemming from the 2001 criminal judgment. It appears from the parties' written arguments that the Kentucky Department of Corrections imposed an additional term of imprisonment in the 2001 case because Appellant violated his three-year conditional discharge when committing the 2019 offense. Appellant received appointed counsel, who moved to alter or amend the 2001 sentence via CR 60.02. Appellant argued that the 2001 judgment was not subject

---

[4] *Taylor v. Commonwealth*, No. 2007-CA-000805-MR, 2008 WL 275116 (Ky. App. Feb. 1, 2008).

[5] KRS 218A.1412.

[6] The record in that proceeding is not before us.

to conditional discharge or, in the alternative, that the statutory imposition of conditional discharge at the time of the 2000 and 2001 offenses was not applicable.

The matter proceeded in the Warren Circuit Court, resulting in an October 7, 2019 order denying the CR 60.02 motion. The court determined in relevant part that whether applying the "old" or "new" versions of KRS 532.043[7] to the 2000 and 2001 offenses, conditional discharge was applicable as a matter of law. The court went on to find that the Kentucky Department of Corrections did not violate the separation of powers doctrine by revoking the period of conditional discharge, because such revocation was required by the version of KRS 532.043 in effect when Appellant committed the first-degree rape offense. This appeal followed.

## ARGUMENTS AND ANALYSIS

Appellant, *pro se*, argues that the Warren Circuit Court abused its discretion in denying his motion for CR 60.02 relief. He argues that the circuit court improperly failed to conclude that the 2001 trial court did not conduct a plea colloquy when accepting his guilty plea and that this constitutes reversible error. Appellant also asserts that the circuit court wrongly found him subject to a three-year conditional discharge for sexual offenses because the 2001 judgment made no mention of a conditional discharge. Lastly, Appellant argues that the Kentucky

---

[7] The "new" version took effect on July 14, 2000.

Department of Corrections violated the separation of powers doctrine in imposing the three-year period of conditional discharge. In sum, Appellant seeks an Opinion reversing and remanding the Warren Circuit Court's order denying his motion for CR 60.02 relief.

The standard of review as to a trial court's denial of a CR 60.02 motion is whether the court abused its discretion. *Stoker v. Commonwealth*, 289 S.W.3d 592, 596 (Ky. App. 2009). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

On the question of whether Appellant was improperly denied a plea colloquy at the time of the 2001 judgment and sentence, we find no error. This argument should have been raised, if at all, via Kentucky Rules of Criminal Procedure (RCr) 11.42. *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983). *Arguendo*, even if this matter were properly before us, the record amply demonstrates that the circuit court conducted a plea colloquy to ensure that Appellant's plea was voluntarily, knowingly, and intelligently made. We find no error.

The next question for our consideration is whether the Warren Circuit Court erred in concluding that the version of KRS 532.043 in effect at the time of Appellant's 2000 and/or 2001 offenses required the application of a period of

conditional discharge.  This question is disposed of by *Jones v. Commonwealth*, 200 S.W.3d 495, 496-97 (Ky. App. 2006), in which a panel of this Court addressed the question of whether a three-year period of conditional discharge was required for a 2001 sex offense.  The Court stated:

> While a former version of KRS 532.043 provided that "any person convicted of, pleading guilty to, or entering an Alford plea to a felony [sex] offense . . . **shall be sentenced** to a period of conditional discharge[,]" the amended version (pursuant to which Jones was sentenced) provided that the felon "**shall be subject** to a period of conditional discharge[.]" . . . Under the amended version of the statute, a three-year period of conditional discharge was not imposed by the trial court as a part of Jones's sentence.  Instead, upon her conviction as a sex offender sentenced in 2001, Jones automatically became subject to the period of conditional discharge *as a matter of law*.  Therefore, the omission of any mention of the statute or of its requirements in the court's written judgment is not erroneous.  Jones is bound by its provisions.

*Id.* (emphasis in original).

In the matter before us, Appellant, like Jones, committed a sex offense and was subject to a judgment and sentence in 2001.  By operation of KRS 532.043, and because he committed a sex offense, Appellant was subject to a three-year conditional discharge as a matter of law.  This is true even though the judgment did not recite the conditional discharge as part of the sentence.  *Jones*,

200 S.W.3d at 496-97. The Warren Circuit Court properly so concluded, and we find no error.

Lastly, Appellant argues that the Kentucky Department of Corrections violated the separation of powers doctrine by imposing the three-year period of conditional discharge, which usurped the authority of the judiciary. The focus of his argument on this issue is that it is unlawful and violative of Kentucky Constitution sections 27 and 28 for the Kentucky Department of Corrections to impose a conditional discharge on Appellant when the judgment and sentence did not impose the conditional discharge.

The Kentucky Supreme Court has found the imposition of conditional discharge by the Kentucky Department of Corrections not to be violative of the separation of powers doctrine because the three branches of government properly work in concert to effect criminal justice. *See Jones v. Commonwealth*, 319 S.W.3d 295, 299-300 (Ky. 2010). "Once a prisoner is turned over to the Department of Corrections for execution of the sentence, the power to determine the period of incarceration passes to the executive branch." *Id.* at 300 (citation omitted). The circuit court properly so concluded, and we find no error.

## CONCLUSION

Appellant's argument as to the plea colloquy should have been brought, if at all, by way of RCr 11.42. Even if that argument were properly

before us, we would find no error because the record demonstrates that he received a full plea colloquy at the time of the judgment and sentence. Further, KRS 532.043 mandated a three-year period of conditional discharge by operation of law, and the imposition of the conditional discharge did not violate the separation of powers doctrine. As noted above, this is true even though the judgment and sentence did not expressly order conditional discharge, as conditional discharge was a legislative rather than judicial prerogative. For these reasons, we affirm the order of the Warren Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Zachary Lamar Taylor, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Todd D. Ferguson
Assistant Attorney General
Frankfort, Kentucky