RENDERED:  JANUARY 16, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0535-MR

WILLIS GOSSETT                                                         APPELLANT

v.
APPEAL FROM FULTON CIRCUIT COURT
HONORABLE TIMOTHY A. LANGFORD, JUDGE
ACTION NO. 23-CR-00070

COMMONWEALTH OF KENTUCKY                               APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  EASTON, L. JONES, AND McNEILL, JUDGES.

JONES, L., JUDGE:  Willis Gossett brings this appeal from a March 28, 2024,
Order of the Fulton Circuit Court denying his Motion to Withdraw Guilty Plea
pursuant to RCr[1] 8.10.  We reverse and remand.

---

[1] Kentucky Rules of Criminal Procedure.

On April 4, 2023, Gossett was indicted by a Fulton County Grand Jury upon one count of Sexual Abuse in the First Degree. The indictment followed an incident wherein Gossett's thirteen-year-old niece,[2] E.S., called 911 and reported a sexual assault. When police arrived, E.S. reported that Gossett had "kissed her neck, grabbed her private area as well as kissed her breast." Criminal Complaint, R. at 5. Police subsequently spoke with E.S.'s mother, T.H. T.H. acknowledged E.S. had reported a similar incident involving Gossett to her a few months earlier; however, T.H. had not reported the incident to authorities.

On November 17, 2023, the Commonwealth subsequently made an Offer on a Plea of Guilty (Commonwealth's Offer) wherein Gossett would plead guilty to one count of Sexual Abuse in the First Degree (KRS[3] 510.110) and the Commonwealth would recommend a sentence of two-and-one-half years' imprisonment. Gossett entered a guilty plea in accordance with the Commonwealth's Offer and sentencing was set for January 11, 2024. Gossett appeared on that date and an Order for Sex Offender Evaluation was entered; sentencing was continued until February 22, 2024. On February 23, 2024, counsel for Gossett filed a Motion to Withdraw Guilty Plea and an Agreed Order was entered continuing sentencing until March 28, 2024. In the Motion to Withdraw

---

[2] Gossett was married to E.S.'s maternal aunt.

[3] Kentucky Revised Statutes.

Guilty Plea, Gossett asserted his guilty plea was not entered into knowingly, intelligently, and voluntarily. More specifically, Gossett contended he never had the opportunity to review his case with any of his appointed attorneys or to discuss the consequences of entering a guilty plea to a sexual offense. Gossett's Motion to Withdraw Guilty Plea was denied. A Judgment and Sentence on Plea of Guilty (Judgment and Sentence) was subsequently entered wherein Gossett pleaded guilty to one count of Sexual Abuse in the First Degree and was sentenced to two-and-one-half years' imprisonment.[4] This appeal follows.

Gossett contends the trial court erred by denying his motion to withdraw his guilty plea as it was not entered knowingly, intelligently, and voluntarily. In support thereof, Gossett asserts he was not made aware of the five-year period of postincarceration supervision required by KRS 532.043 and KRS 532.060 as it was not mentioned in any of the guilty plea documents, during entry of his guilty plea, or during his sentencing.

Initially, we note Gossett acknowledges he did not specifically raise the failure to inform him of the five-year postincarceration supervision issue in his Motion to Withdraw Guilty Plea or at the hearing on the motion. However, Gossett points out that he could not have raised the issue before the trial court as he

---

[4] There was no mention of the five-year period of postincarceration supervision in the Judgment and Sentence.

had never been informed of the five-year period of postincarceration supervision. Although Gossett did not specifically raise the postincarceration supervision issue before the trial court, Gossett did argue that his guilty plea was not knowingly, intelligently, and voluntarily entered as he was not informed of the consequences of pleading guilty to a sexual offense. As such, we believe under these unique circumstances Gossett sufficiently preserved the error for our review.

RCr 8.10 provides, in relevant part, that "[a]t any time before judgment the court may permit the plea of guilty . . . to be withdrawn and a plea of not guilty substituted." Our standard of review upon a "denial of a motion to withdraw a guilty plea is whether the trial court abused its discretion." *Blanton v. Commonwealth*, 516 S.W.3d 352, 356 (Ky. App. 2017). And "[t]he test for an abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Id.* (citations omitted).

It is well settled that entry of an unconditional guilty plea generally waives the right to raise the constitutional protections; however, some issues survive waiver and may be raised on appeal. *Windsor v. Commonwealth*, 250 S.W.3d 306, 307 (Ky. 2008). Among those issues is "whether the plea complied

with the requirements of *Boykin v. Alabama*[.]"[5]  *Id.* at 307.  More particularly, the issue of whether the guilty plea was entered knowingly, voluntarily, and intelligently survives entry of an unconditional guilty plea.  *Id.*  And "[a] guilty plea is involuntary if the defendant lacked full awareness of the direct consequences of the plea or relied on a misrepresentation by the Commonwealth or the trial court."  *Edmonds v. Commonwealth*, 189 S.W.3d 558, 566 (Ky. 2006).

We now turn to the crux of Gossett's contention that his plea was not knowing, intelligent, and voluntary as he was not informed of the five-year period of postincarceration supervision.  Postincarceration supervision is a "novel statutory creation" of the General Assembly.  *Rushin v. Commonwealth*, 701 S.W.3d 293, 298 (Ky. 2024).  KRS 532.043(1)-(3), provides, in relevant part:

> (1) In addition to the penalties authorized by law, any person convicted of, pleading guilty to, or entering an Alford plea to a felony offense under KRS Chapter 510, 529.100 involving commercial sexual activity, 530.020, 530.064(1)(a), 531.310, or 531.320 shall be subject to a period of postincarceration supervision following release from:
>
> > (a) Incarceration upon expiration of sentence; or
> >
> > (b) Completion of parole.
>
> (2) The period of postincarceration supervision shall be five (5) years.

---

[5] *Boykin v. Alabama*, 395 U.S. 238, 244 (1969) "holds that a judgment of conviction upon a plea of guilty is invalid if the plea was not knowingly and voluntarily entered[.]" *Diaz v. Commonwealth*, 479 S.W.3d 90, 93 n.2 (Ky. App. 2015) (citation omitted).

(3) During the period of postincarceration supervision, the defendant shall:

    (a) Be subject to all orders specified by the Department of Corrections; and

    (b) Comply with all education, treatment, testing, or combination thereof required by the Department of Corrections.

In addition, KRS 532.060(3) provides:

(3) For any felony specified in KRS Chapter 510 or KRS 529.100, 529.110, 530.020, 530.064(1)(a), 531.310, 531.320, 531.335, or 531.340, the sentence shall include an additional five (5) year period of postincarceration supervision which shall be added to the maximum sentence rendered for the offense. During this period of postincarceration supervision, if a defendant violates the provisions of postincarceration supervision, the defendant may be reincarcerated for:

    (a) The remaining period of his or her initial sentence, if any is remaining; and

    (b) The entire period of postincarceration supervision, or if the initial sentence has been served, for the remaining period of postincarceration supervision.

Gossett pled guilty to Sexual Abuse in the First Degree, a violation of KRS 510.110, which falls under both KRS 532.043 and KRS 532.060. The Kentucky Supreme Court has declared that reading KRS 532.043 and KRS 532.060(3) together "contemplate[s] a *single* sentence which is made up of both an

'initial sentence' and a period of postincarceration supervision which may result in reincarceration." *Rushin*, 701 S.W.3d at 299.

The five-year period of postincarceration supervision is not imposed at the discretion of the trial court, rather it was automatically imposed on Gossett *as a matter of law* when he was sentenced for an eligible offense under the statute. *See Jones v. Commonwealth*, 200 S.W.3d 495, 497 (Ky. App. 2006). Therefore, the five-year postincarceration supervision period was a direct consequence of Gossett's plea of guilty to Sexual Abuse in the First Degree of which Gossett must have been informed.

However, a review of the record reveals that the five-year period of postincarceration was not provided for in any of the plea documents Gossett signed. More particularly, there was no mention of the five-year period of postincarceration supervision in the Commonwealth's Offer or in the Judgment and Sentence.

At sentencing, the trial court utilized a form provided by the Administrative Office of the Court (Form AOC-445) entitled "Judgment and Sentence on Plea of Guilty." Form AOC-445 included the following statement:

> It is further ORDERED that:
>
> ☐ upon release from incarceration or parole, Defendant,
> being found guilty of a felony offense under KRS
> Chapter 510, 529.100 involving commercial sexual
> activity, 530.020, 530.064(1)(a), 531.310, or 531.320, is

-7-

> subject to a five (5) year period of postincarceration supervision.  KRS 532.043.

Trial Record at 80.  The trial court failed to indicate that the five-year period of postincarceration supervision applied to Gossett as it did not check the applicable box.

>    While neither the silence of the plea offer nor the failure of the trial court to check a box alone renders Gossett's plea involuntary or unknowing,[6] the record in the case *sub judice* also reflects a failure of the trial court to verbally advise Gossett of the mandatory period of postincarceration supervision.  The record is silent at the entry of Gossett's plea and at the imposition of his sentence.

>    As Gossett was never informed that he was being sentenced to a five-year period of postincarceration supervision, he clearly lacked full awareness of the direct consequences of his plea.  *See Edmonds*, 189 S.W.3d at 566. Therefore, it is axiomatic that Gossett's guilty plea was not entered into knowingly, voluntarily, and intelligently; thus, violating *Boykin.*  As such, we reverse the Fulton Circuit Court's denial of Gossett's Motion to Withdraw Guilty Plea pursuant to RCr 8.10 and remand for proceedings consistent with this Opinion.

---

[6] *See Jones*, 200 S.W.3d at 497 (While the trial court failed to include the period of postincarceration supervision in its written judgment, the record shows the court "explicitly raised the issue with Jones at the sentencing hearing" thereby providing her with notice of the fact.).

Gossett also maintains the trial court erred by imposing jail fees of $4,840 as it lacked jurisdiction to impose the fees following the recent amendment to KRS 441.265. As we are reversing the trial court's order and remanding the matter to the trial court, the issue of jail fees is moot.

We view any remaining contentions of error as moot or without merit.

For the foregoing reasons, the March 28, 2024, Order of the Fulton Circuit Court denying Gossett's Motion to Withdraw Guilty Plea is reversed, and this matter is remanded for proceedings consistent with this Opinion.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Timothy G. Arnold
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Joseph A. Beckett
Assistant Attorney General
Frankfort, Kentucky